**Leon BURAS, Jr. et al., Appellants,**

**v.**

**James G. TIMOLAT, Jr. et al., Appellees.**

**No. 17953.**

United States Court of Appeals
Fifth Circuit.

March 14, 1960.

Rehearing Denied June 3, 1960.

E. Drew McKinnis, Baton Rouge, La., Edward B. Benjamin, Jr., Stone, Pigman & Benjamin, New Orleans, La., McGehee & McKinnis, Baton Rouge, La., for appellants.

Eugene D. Saunders, Charles D. Marshall, D. Douglas Howard, J. Raburn Monroe, New Orleans, La., Monroe & Lemann, Milling, Saal, Saunders, Benson

---

& Woodward, New Orleans, La., of counsel, for appellees.

Before TUTTLE and CAMERON, Circuit Judges, and WRIGHT, District Judge.

CAMERON, Circuit Judge.

Appellants, Leon Buras, Jr., et al., plaintiffs below, appeal from an order (and final judgment based thereon) granting the motion of appellees, James G. Timolat, Jr., et al., defendants below,[1] to dismiss plaintiffs' complaint as amended for failure to state a claim upon which relief can be granted.[2] The court below did not set forth the grounds upon which its order and judgment rested, and our decision will be based upon the propositions relied upon by the parties in the argument before us.

According to the complaint as amended, plaintiffs are the true and lawful owners of the lands involved in the suit, including the minerals, their ownership being based upon record title, acquisitive prescription and estoppel. They aver that the individual defendants claim, but do not in reality own, title to said lands; and that defendants, in the year 1940, essayed to sell said lands to the United States of America for a wildlife reserve, but reserving in themselves the oil, gas and minerals and oil, gas and mineral rights. They aver further that the individual defendants executed an oil and gas lease on March 15, 1943 and an amended oil and gas lease on March 4, 1953 in favor of the defendant, the California Company, under which California was "actually engaged in exploration and production;" and charge further that "all defendants herein are now and for some time have been appropriating for their own benefit and gain the oil, gas and other minerals, and oil, gas and mineral rights which comprise the real right and immovable property described" in paragraph II of the complaint and which constitute the subject matter of this action.

The prayer of the complaint is for judgment in plaintiffs' favor "(1) declaring petitioners to be the true and lawful owners of the oil, gas and other minerals, and oil, gas and mineral rights * * *; (2) declaring that petitioners, as owners, are entitled to the full and undisturbed possession of the real right and immovable property described in paragraph II; (3) ordering that the defendants deliver possession thereof to petitioner; (4) ordering that an accounting be rendered by defendants for bonuses, rentals, and royalties received and for all oil, gas and other minerals taken by defendants, or either of them by their claim to and appropriation of the real right and immovable property described in paragraph II; and (5) ordering that after such an accounting has been duly made, petitioners be granted a money judgment in their favor against defendants for the full amount and value of all bonuses, rentals, and royalties received and for all oil, gas, and other minerals thus shown to have been taken or produced by defendants, or either of them, together with legal interest thereon from date of judicial demand." Plaintiffs further prayed for general relief.

The court below first heard and denied defendants' motion to dismiss the original complaint, but granted the alternative motion of defendants for a more definite statement. This brought forth the amendment to the complaint, which was met by a similar motion to dismiss for failure to state a claim and in the alternative for a more definite statement. This motion was at first denied. The defendants then answered and there were various requests for admissions and interrogatories by the several parties and answers thereto, following which the court granted the motion to dismiss for failure to state a claim.[3]

---

1. In this opinion, we will follow the lead of the briefs, referring to the litigants hereafter as plaintiffs and defendants.

2. Jurisdiction is based upon diversity of citizenship, 28 U.S.C.A. § 1332.

3. There is some discussion in the briefs of the defendants' answer and of some of

■ We test the sufficiency of plaintiffs' pleadings under the universally accepted rule so often repeated by this Court: "It is * * * elementary that a complaint is not subject to dismissal unless it appears to a certainty that the plaintiff cannot possibly be entitled to relief under any set of facts which could be proved in support of its allegations. Even then, a court ordinarily should not dismiss the complaint except after affording every opportunity to the plaintiff to state a claim upon which relief might be granted." Black v. First National Bank of Mobile, 5 Cir., 255 F.2d 373, 375.[4]

■ It seems clear that it was error for the court below to dismiss the complaint setting forth the facts outlined above. In fact, defendants admit in their brief what they stated in oral argument: " * * * if defendants should extract and remove any minerals from the land plaintiffs could sue for the value of the minerals so taken * * * "[5] This portion of the relief would render the complaint immune from attack for failure to state a claim. Moreover, if, as the parties seemed to concede in the argument before us, California had not in fact begun drilling operations but merely claimed the right and held the intention so to do, plaintiffs would have the right,

if afforded the opportunity, to pray that the court declare[6] that California does not possess the right to extract or remove oil from said premises, it being undisputed that an actual justiciable controversy does exist between plaintiffs on the one side and California and the other defendants on the other.

Defendants rely heavily upon the decision of the Supreme Court of Louisiana in Wemple v. Nabors Oil & Gas Co., 1923, 154 La. 483, 97 So. 666,[7] as authority for the principle that the State of Louisiana recognizes no estate in lands other than simple ownership of the soil and servitudes thereon, including usufruct. Plaintiffs stake their case chiefly upon LRS 9:1105 and the decision of the Louisiana Supreme Court in Dixon v. American Liberty Oil Co., 1955, 226 La. 911, 77 So.2d 533, and upon the contention that the whole (perfect title) necessarily includes all of its parts (i. e., mineral interests).

We do not find it necessary to explore the intricacies of Louisiana's laws governing real property, or to undertake to reconcile or distinguish the Nabors and Dixon cases. We do not interpret any of the statutes or decisions placed before us as casting any doubt upon the postulate that perfect ownership of land includes the minerals in it.[8]

the answers to interrogatories and requests for admissions. The action was disposed of by the court below, however, solely on the question whether the complaint as amended stated a claim upon which relief can be granted (Rule 12(b) (6) F.R.Civ.P., 28 U.S.C.A.); and it is before us on the propriety of that action alone.

4. The following cases from this Circuit state the same rule: Hoshmam v. Esso Standard Oil Co., 1959, 263 F.2d 499; Carss v. Outboard Marine Corp., 1958, 252 F.2d 690; Baldwin v. Morgan, 1958, 251 F.2d 780; Moritt v. Fine, 1957, 242 F.2d 128; Millet v. Godchaux Sugars, 1957, 241 F.2d 264; Fair v. United States, 1956, 234 F.2d 288; Byrd v. Bates, 1955, 220 F.2d 480; King Edward Emp. Fed. Credit Union v. Traveler Indemnity, 1953, 206 F.2d 726; Des Isles v. Evans, 1955, 200 F.2d 614.

5. The concession assumes, contrary to the averments of the complaint, that minerals had not in fact been extracted or removed from the land.

6. Under 28 U.S.C.A. § 2201 and Rule 57, F.R.C.P.; and cf. Rule 54(c), F.R.C.P.

7. And they cite many statutes of the State of Louisiana including Sections R.S. 9:- 1105 and 9:5806 of the Revised Statutes of Louisiana–LSA and Articles 488, 490, 655, 727, 728, 729, 749, 765, 766, 788, 2217, 2681, and 2682 of the Civil Code of Louisiana–LSA.

8. As to this, defendants' brief contains the following statement. "The allegations of this complaint are that plaintiffs have perfect ownership of the land. As such owners they enjoy the unquestioned right to do whatever they wish with the land including the right to remove minerals therefrom. This right, however, does not make them owners of the minerals

Even Wemple seems to recognize this (97 So. at page 667): " * * * our civil law, * * * recognizes but two kinds of estates in lands, the one corporeal and termed ownership, being the dominion over the soil and all that lies directly above and below it (C.C. art. 505); * * * " And Dixon (77 So.2d at pages 536–537) is to the same effect: "But, until they [the minerals] are severed, possession and ownership of the surface carries with it the right to reduce the minerals to possession, and such right may be protected by a possessory action or one in jactitation. * * * "[9]

The complaint, in our opinion, charges that plaintiffs and their predecessors in title always have been and are the owners of a perfect title to the land; that the defendants do not now and never have owned any title; that defendants' conveyance to the United States transferred no title to it, and their oil, gas and mineral leases to California conveyed no interest. We do not understand that plaintiffs are endeavoring to acquire by this action ownership of the servitude claimed by California under the leases from defendants. We understand rather that plaintiffs are seeking to cancel whatever claim California asserts on the ground that California owns nothing, perfect title being in plaintiffs.

It follows that the court below can, in a trial on the merits, determine the state of the title to these minerals and the rights of the parties in them. What we have said is in justification of our holding that, under the cases cited, the district court should not have dismissed the action for failure to state a claim. We express no opinion as to what the holding of the trial court should be after it has, under such amended pleadings as the parties may elect to file, proceeded by appropriate means to discover the facts and apply the Louisiana laws to them.

The question of the United States as an indispensable party was adverted to but briefly in the argument before us, but will doubtless arise in a trial upon the merits. The law governing such a situation is well settled in this Circuit. Hudson v. Newell, 1949, 172 F.2d 848; Mackintosh v. Marks' Estate, 1955, 225 F.2d 211; Estes v. Shell Oil Co., 1956, 234 F.2d 847; and Stewart v. United States, 1957, 242 F.2d 49. The situation dealt with by us in Stewart supra and in Leiter Minerals, Inc. v. United States, 1957, 224 F.2d 381, modified and affirmed in Leiter Minerals, Inc. v. United States, 352 U.S. 220, 77 S.Ct. 287, 1 L.Ed.2d 267, is not likely to arise, because the mineral interests here involved did not come through the United States and it is claiming no interest in them.

The judgment of the court below is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

---

nor would it constitute a servitude upon the land. It neither adds to nor detracts from what the Louisiana law defines as perfect ownership. Our appreciation of the judgment of the District Court is that it fully recognized plaintiffs' alleged rights of perfect ownership."

9. Following the foregoing quotation, it is stated in Dixon: "But a mineral lease is not a mineral servitude and does not produce the same legal effect for, though

it is characterized as a real right in LSA–R.S. 9:1105, it is merely a contract which permits the lessee to explore for minerals on the land of the lessor in consideration of the payment of a rental and/or bonuses. It places no charges whatever on the land and cannot be put in the same classification as a mineral servitude, which is an incorporeal immovable that attaches to the land itself."