515 So.2d 1234 (1987)
James E. BILLIOT
v.
STATE of Mississippi.
No. DP-38.
Supreme Court of Mississippi.
November 25, 1987.
*1235 John C. Henegan, Butler, Snow, O'Mara, Stevens & Cannada, Thomas C. Lowe, Jr., Jackson, Bruce H. Hanley, Minneapolis, Minn., for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Marvin L. White, Jr., Asst. Atty. Gen., and Donald G. Barlow, Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
SULLIVAN, Justice, for the Court:
Petitioner James E. Billiot through counsel and pursuant to Mississippi Code Annotated, § 99-19-57(2)(a) (Supp. 1986), and the Mississippi Uniform Post-Conviction Collateral Relief Act, Mississippi Code Annotated, § 99-39-1, et seq. (Supp. 1986), applies for an order granting him leave to file a motion for post-conviction relief in the Circuit Court of the First Judicial District of Harrison County, Mississippi. Because we find Billiot's pleading to suggest with statutory and factual particularity that he may be legally insane and thus protected from execution, we remand this case to the Circuit Court of the First Judicial District of Harrison County for a hearing on the limited issue of Billiot's present sanity.

I.
Billiot was convicted of capital murder and sentenced to death pursuant to a jury verdict in the Circuit Court of the First Judicial District of Harrison County, the Honorable J. Ruble Griffin, then Circuit Judge, presiding, following a change of venue from the Circuit Court of Hancock County. Both conviction and sentence, entered on December 2, 1982, were unsuccessfully appealed to this Court and the United States Supreme Court. Billiot v. State, 454 So.2d 445 (Miss. 1984); cert. denied, 469 U.S. 1230, 105 S.Ct. 1232, 84 L.Ed.2d 369; rehearing denied, 470 U.S. 1089, 105 S.Ct. 1858, 85 L.Ed.2d 154 (1985).
Billiot's first application for leave to file motion to vacate or set aside judgment and conviction was filed on June 17, 1985, with this Court. That motion and petition for rehearing were denied. Billiot v. State, 478 So.2d 1043 (Miss. 1985). The United States Supreme Court denied Billiot's petition for certiorari on March 31, 1986. Billiot v. Mississippi, 475 U.S. 1098, 106 S.Ct. 1501, 89 L.Ed.2d 901 (1985). Thereafter, Billiot filed an application for writ of habeas corpus in the United States District Court for the Southern District of Mississippi. Billiot v. Thigpen, et al, No. S86-0549(L) (S.D.Miss.). By order dated September 8, 1986, the Honorable Tom Lee, United States District Judge, ruled that the petition for writ of habeas corpus would be held in abeyance until the petitioner had exhausted his state remedy on the issue of his alleged present insanity and had presented the instant claim to this Court for consideration in light of the United States Supreme Court's decision in Ford v. Wainwright, 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986). In sum, the petition today was precipitated by the District Court's order and asserts that Billiot is presently insane and thus protected from execution by state and federal law.
Mississippi Code Annotated, § 99-19-57(2)(a)(b), (Supp. 1986), provides that:
(2)(a) If it is believed that a convict under sentence of death has become insane since the judgment of the court, the following shall be the exclusive procedural and substantive procedure. The convict, or a person acting as his next friend, or the commissioner of corrections may file an appropriate application seeking post conviction relief with the Mississippi Supreme Court. If it is *1236 found that the convict is insane, as defined in this subsection, the court shall suspend the execution of the sentence. The convict shall then be committed to the forensic unit of the Mississippi State Hospital at Whitfield. The order of commitment shall require that the convict be examined and a written report be furnished to the court at that time and every month thereafter stating whether there is a substantial probability that the convict will become sane under this subsection within the foreseeable future and whether progress is being made toward that goal. If at any time during such commitment the appropriate official at the state hospital shall consider the convict is sane under this subsection, such official shall promptly notify the court to that effect in writing, and place the convict in the custody of the commissioner of corrections. The court shall thereupon conduct a hearing on the sanity of the convict. The finding of the circuit court is a final order appealable under the terms and conditions of the Mississippi Uniform Post-Conviction Collateral Relief Act.
(b) For the purposes of this subsection, a person shall be deemed insane if the court finds the convict does not have sufficient intelligence to understand the nature of the proceedings against him, what he was tried for, the purpose of his punishment, the impending fate which awaits him, and a sufficient understanding to know any fact which might exist which would make his punishment unjust or unlawful and the intelligence requisite to convey such information to his attorneys or the court. (Emphasis added).
Ford v. Wainwright, supra, recognizes the Eighth Amendment's prohibition against the execution of one who is presently insane. 477 U.S. at ___, 106 S.Ct. at 2602, 91 L.Ed.2d at 346. Notably, the statute and federal case law differ primarily in the former's apparent requirement that the insanity be of a supervening quality, i.e., that the insanity have arisen after conviction. Admittedly, Ford expressly preserves the state's right to require "some high threshold showing on behalf of the prisoner ... to control the number of non-meritorious or repetitive claims of insanity." 477 U.S. at ___, 106 S.Ct. at 2606, 91 L.Ed.2d at 351. In our own state, we have required a petitioner in the posture of Billiot to show "to a reasonable probability" that he is insane, a condition which has arisen since conviction. Billiot v. State, 478 So.2d at 1045 (Miss. 1985). Clearly however, where the federal constitution guarantees a broader right than does a state statute, the statute must yield, casting great doubt on the continued viability of our rule requiring a showing that the insane condition is of a supervening quality. The potential conflict between the statute and federal case law is not our focus for purposes of the issue we now face for we today encounter the sole question of whether Billiot, within the pleading confines of the Uniform Post-Conviction Relief Act, has sufficiently posed allegations which, if proven, would entitle him to relief. In other words, has he alleged facts which require further inquiry in the expanded setting of an evidentiary hearing?
As we have recently noted in another capital case, review of claims brought via formal post-conviction petition proceeds in a structural order whereby "[o]ur procedural posture is analogous to that when a defendant in a civil action moves to dismiss for failure to state a claim. See Rule 12(b)(6), Miss.R.Civ.P.; Stanton & Associates, Inc. v. Bryant Construction Company, Inc., 464 So.2d 499, 504-06 (Miss. 1985). Functionally, Section 99-39-9 is substituted for the pleadings requirements of Rule 8(a) and (e), Miss.R.Civ.P." Neal v. State (No. DP-36, decided September 23, 1987, not yet reported) (Slip op. at 2). Neal further instructs that we examine such petitions for the following essential pleading components:
(c) A concise statement of the claims or grounds upon which the motion is based.
(d) A separate statement of the specific facts which are within the personal knowledge of the prisoner and which shall be sworn to by the prisoner.

*1237 (e) A specific statement of the facts which are not within the prisoner's personal knowledge. The motion shall state how or by whom said facts will be proven. Affidavits of the witnesses who will testify and copies of documents or records that will be offered shall be attached to the motion. The affidavits of other persons and the copies of documents and records may be excused upon a showing, which shall be specifically detailed in the motion, of good cause why they cannot be obtained. This showing shall state what the prisoner has done to attempt to obtain the affidavits, records and documents, the production of which he requests the court to excuse.
Neal, (No. DP-36, Slip op. at 2-3), quoting Section 99-39-9, Mississippi Code Annotated (Supp. 1987).
The court's authority in the face of a petition such as that presented by Billiot is fixed:
The Court upon examination of the application has the authority to dismiss it outright,
"if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief... ." Mississippi Code Annotated, § 99-39-11(2).
On the other hand, if the application meets these pleading requirements and presents a claim procedurally alive "substantial[ly] showing denial of a state or federal right," the petitioner is entitled to an in court opportunity to prove his claims. Mississippi Code Annotated, § 99-39-27(5) (Supp. 1986).
Neal, (DP-36, Slip op. at 3.)
Within the foregoing parameters, we address petitioner's claims. Billiot presents the court with an application backed by the affidavits of three mental health professionals, selected portions of which are excerpted below:
(1) "J.B.'s illness has rendered him M'Naughton insane." (Report of Dr. Michael Whelan at page 22.)
(2) "J.B.'s paranoid schizophrenia should be considered as at least a mitigating factor in sentencing... ." (Report of Dr. Whelan at page 22.)
(3) Mr. James Billiot is a twenty-five year old man whom I was asked to evaluate regarding his competency to be executed. I feel that Mr. Billiot is a paranoid schizophrenic who may also have a drug-induced organic brain syndrome and an antisocial personality disorder. Because of his chronic and severe mental illness, it is my opinion that while Mr. Billiot does appear to understand the charges against him and his sentence, he does not appreciate that this sentence can ever be carried out in fact and is not able adequately to cooperate with his attorneys or the court. (Report of Dr. Reb McMichael at pages 8-9).
(4) Mr. Billiot recognizes that attorneys are working in his behalf and that appeals have been entered. He knows that he has been convicted of murder and received the death penalty. The nature and extent of psychopathology which he displays, however, prevents him from an appreciation of the role which he directly played in these murders. Furthermore, his delusional system and thinking processes are so distorted to prevent him from a rational understanding of the severity of the death penalty. It is anticipated that he will have difficulty assisting his attorneys to the fullest extent in preparation of appeals. (Report of Dr. William Johnson at page 4).
Undoubtedly, Billiot has presented allegations under oath which, if true, bring into serious question the legality of execution under both state and federal law. In the face of this fact-backed pleading, we acknowledge Billiot's "claim procedurally alive `substantially showing denial of a state or federal right'," and conclude that he "is entitled to an in-court opportunity to prove his claims." Neal, (DP-36, Slip op. at 3.) It bears note that the only relief to which Billiot is presently entitled is an evidentiary hearing. Our function is not to resolve issues of contested fact by a process of trial by affidavit.
*1238 We grant the application of James Billiot for an evidentiary hearing on the issue of his allegation of present insanity. This matter is remanded to the Circuit Court of the First Judicial District of Harrison County for the purpose of conducting such a hearing. Mississippi Code Annotated, §§ 99-39-23, 99-39-27 (Supp. 1986); Neal, supra; Tokman v. State, 482 So.2d 241 (Miss. 1986); Leatherwood v. State, 473 So.2d 964 (Miss. 1985).
THE APPLICATION OF JAMES E. BILLIOT FOR AN EVIDENTIARY HEARING ON THE ISSUE OF HIS ALLEGATION OF PRESENT INSANITY IS HEREBY GRANTED, AND THIS CAUSE IS REMANDED TO THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HARRISON COUNTY, MISSISSIPPI, FOR SUCH HEARING.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, ANDERSON and ZUCCARO, JJ., concur.
HAWKINS, P.J., and GRIFFIN, J., not participating.