583 So.2d 174 (1991)
Timothy MYERS
v.
STATE of Mississippi.
No. 89-KP-1272.
Supreme Court of Mississippi.
June 19, 1991.
Timothy Myers, pro se.
Mike C. Moore, Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and PRATHER and ROBERTSON, JJ.
ROBERTSON, Justice, for the court:

I.
This case presents the perennially troublesome question of whether and when a felon convicted on a plea of guilty may secure post-conviction relief on grounds his lawyer's advice was so problematical that his plea was, in law, involuntary. Today we face the more limited question whether the prisoner's complaint in this regard is legally sufficient, such that it may not be dismissed on its face.
We hold that the complaint passes this threshold test and reverse and remand for further proceedings.

II.
On December 8, 1987, the grand jury for the First Judicial District of Hinds County returned an indictment charging Timothy *175 Myers with the offense of aggravated assault.[1] Miss. Code Ann. § 97-3-7(2) (Supp. 1987). The Circuit Court appointed Jeffrey Weill, a lawyer who has his office in Jackson, Mississippi, to represent Myers on this charge. On March 4, 1988, Myers petitioned the Court that he be allowed to enter a plea of guilty to the indictment. The Circuit Court accepted the plea and on April 13, 1988, adjudged Myers guilty of aggravated assault and sentenced him to sixteen years imprisonment in the custody of the Mississippi Department of Corrections.
On September 17, 1989, Myers filed in the Circuit Court of the First Judicial District of Hinds County, Mississippi, his complaint for post-conviction relief, alleging his guilty plea was involuntarily given. Miss. Code Ann. § 99-39-5(1)(f) (Supp. 1989). He charges, inter alia, that in the course of the original criminal proceedings before the Circuit Court, his lawyer, Weill, advised Myers that, if he went to trial on the aggravated assault charge, he would likely receive a sentence of twenty-five years. More to the point, Myers says Weill told him that, if he entered a plea of guilty, the Court would sentence him to no more than twelve years.
Myers' complaint is supported by the affidavit of his mother, Claudette Williams, who states, inter alia:
During the interview, Mr. Weill told Timothy that if he appeared at the blind hearing the judge would give him less than twelve (12) years but if he insisted on going to trial, he would get twenty-three (23) years.... Timothy, while I was present, continuously told Mr. Weill that he was not guilty of aggravated assault and he did not want to plead guilty.
Cynthia Woodall, Myers' sister, filed a supporting affidavit stating that she, too, was present when Myers was meeting with his attorney, Jeffrey Weill, and that in her presence,
Mr. Weill informed us that this hearing would result in Timothy receiving a sentence of not more than twelve (12) years.
In his complaint, Myers charges further that, in preparation for the plea hearing, his lawyer advised him "that when the judge asked him a question he should respond Yes and not hesitate or go into long drawn answer." He says further that Weill provided him "with incorrect advice and information to induce ... [him] to plead guilty, misinformed ... [him] as to the possible sentence the court would impose ... [and] had ... [him] to lie to the court."
On September 7, 1989, the Circuit Court entered an order reciting that:
It plainly appearing from the motion, exhibits, and prior proceedings in the case that the movant is not entitled to the relief and the motion should be dismissed.
And thereupon, the Court dismissed Myers' complaint with prejudice. Myers now appeals to this Court.

III.
Our procedural posture is all important. Myers' complaint has been dismissed on its face, and, when this has happened and a prisoner appeals pro se, we employ special rules, familiar and well settled.
We put the premises in Billiot v. State, 515 So.2d 1234 (Miss. 1987):
... we today encounter the sole question of whether Billiot, within the pleading confines of the Uniform Post-Conviction Relief Act, has sufficiently posed allegations which, if proven, would entitle him to relief. In other words, has he alleged facts which require further inquiry in the expanded setting of an evidentiary hearing?
As we have recently noted in another ... case, review of claims brought via formal post-conviction petition proceeds in a structural order whereby "[o]ur procedural posture is analogous to that *176 when a defendant in a civil action moves to dismiss for failure to state a claim. See Rule 12(b)(6), Miss.R.Civ.P.; Stanton & Associates, Inc. v. Bryant Construction Company, Inc., 464 So.2d 499, 504-06 (Miss. 1985). Functionally, Section 99-39-9 is substituted for the pleadings requirements of Rule 8(a) and (e), Miss.R.Civ.P." Neal v. State, 525 So.2d 1279, 1280 (Miss. 1987). Neal further instructs that we examine such petitions for the following essential pleading components:
(c) A concise statement of the claims or grounds upon which the motion is based.
(d) A separate statement of the specific facts which are within the personal knowledge of the prisoner and which shall be sworn to by the prisoner.
(e) A specific statement of the facts which are not within the prisoner's personal knowledge. The motion shall state how or by whom said facts will be proven. Affidavits of the witnesses who will testify and copies of documents or records that will be offered shall be attached to the motion. The affidavits of other persons and the copies of documents and records may be excused upon a showing, which shall be specifically detailed in the motion, of good cause why they cannot be obtained. This showing shall state what the prisoner has done to attempt to obtain the affidavits, records and documents, the production of which he requests the court to excuse.

Neal 525, So.2d at 1280, quoting Miss. Code Ann. § 99-39-9 (Supp. 1987).
The court's authority in the face of a petition such as that presented by Billiot is fixed:
The Court upon examination of the application has the authority to dismiss it outright,
"if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief... ." Mississippi Code Annotated, § 99-39-11(2).
On the other hand, if the application meets these pleading requirements and presents a claim procedurally alive "substantial[ly] showing denial of a state or federal right," the petitioner is entitled to an in court opportunity to prove his claims. Mississippi Code Annotated, § 99-39-27(5) (Supp. 1986).

Neal, 525 So.2d at 1281.[2]
Billiot, 515 So.2d at 1236-37.
Beyond Billiot, we take the well-pleaded allegations of the complaint as true, see, e.g., Cain v. McKinnon, 552 So.2d 91, 91 (Miss. 1989); McFadden v. State, 542 So.2d 871, 874 (Miss. 1989); see Wilkinson v. Mercantile National Bank, 529 So.2d 616, 618 (Miss. 1988); Knight v. Moore, 396 So.2d 31, 34 (Miss. 1981) (quoting Franklin v. City of Marks, 439 F.2d 665, 670 (5th Cir.1971)), "well-pleaded" bearing the PCR Act's special definition. Where, as here, a prisoner is proceeding pro se, we take that fact into account and, in our discretion, credit not so well pleaded allegations, see Sanders v. State, 440 So.2d 278, 283 n. 1 (Miss. 1983); Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652, 654 (1972), to the end that a prisoner's meritorious complaint may not be lost because inartfully drafted. Moore v. Ruth, 556 So.2d 1059, 1061 (Miss. 1990).
In sum, the question before this Court is whether, on the papers and record before us, we can say with confidence that Myers will not be able to show that his plea was sufficiently involuntary that he may of right obtain vacation of the judgment of conviction entered thereon.

IV.

A.
Where a defendant's plea of guilty is coerced or otherwise involuntary, any *177 judgment of conviction entered thereon is subject to collateral attack. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). To be enforceable, a guilty plea must emanate from the accused's informed consent. See generally, Vittitoe v. State, 556 So.2d 1062 (Miss. 1990). In a similar context in Sanders v. State, supra, we said:
The question whether a plea of guilty was a voluntary and knowing one necessarily involves issues of fact. Advice received by the defendant from his attorney and relied upon by him in tendering his plea is a major area of factual inquiry. Chavez v. Wilson, 417 F.2d 584, 586 (9th Cir.1969). For example, counsel's representation to the defendant that he will receive a specified minimal sentence may render a guilty plea involuntary. Mosher v. Lavallee, 491 F.2d 1346 (2d Cir.) cert. denied, 416 U.S. 906, 94 S.Ct. 1611, 40 L.Ed.2d 111 (1974). Where defense counsel lies to the defendant regarding the sentence he will receive, the plea may be subject to collateral attack. Where defense counsel advises the defendant to lie and tell the court that the guilty plea has not been induced by promises of leniency (when in fact it has), the plea may be attacked.... [W]here the defendant receives any such advice of counsel, and relies on it, the plea has not been knowingly and intelligently made and is thus subject to attack. Burgin v. State, 522 S.W.2d 159 (Mo. App. 1975).
Sanders, 440 So.2d at 283-84.
We have held a plea legally involuntary where the court failed to advise the defendant of a statutorily mandated minimum sentence and where the defendant entered the plea thinking he was eligible for a probationary sentence. Vittitoe v. State, 556 So.2d at 1065. We have gone further and recognized that mistaken advice of counsel may in some cases vitiate a guilty plea. In Baker v. State, 358 So.2d 401 (Miss. 1978), this Court stated:
If, as alleged, appellants pleaded guilty under the mistaken advice that they could be subject to capital punishment if convicted at trial, this then, is a factor which may make appropriate a collateral attack... . Such allegation, if true, indicates that defendants were not fully aware of the implications of their plea nor of the true consequences of a trial by jury. Such a circumstance, if properly pleaded and supported by sufficient facts, makes out a case where relief ... may be appropriate. [Emphasis added.]
Baker, 358 So.2d at 403. See Coleman v. State, 483 So.2d 680, 684 (Miss. 1986); and Tiller v. State, 440 So.2d 1001, 1006 (Miss. 1983).
In Sanders we drew an important distinction. We there emphasized:
... that a mere expectation or hope, however reasonable, of a lesser sentence than might be meted out after conviction upon trial by jury will generally not be sufficient to entitle a petitioner to relief in cases such as this. Yates v. State, 189 So.2d 917 (Miss. 1966).
Sanders, 440 So.2d at 287. The relevant distinction is between a "generalized prediction" and a "firm representation" of such lesser sentence. Sanders, 440 So.2d at 287, n. 6 (citing, by way of contrast, Hill v. State, 388 So.2d 143 (Miss. 1980), with Peete Rose, 381 F. Supp. 1167 (W.D.Tenn. 1974)). A post-conviction prisoner may find succor only in the latter.

B.
We apply these standards to Myers' complaint and supporting affidavits. When we do this, we find him charging that a firm representation was made. Myers' complaint  which he presents under oath  says Weill told him that, if he entered a guilty plea, he would receive a sentence of less than twelve years. While the "less than" feature of this advice falls into the realm of "mere expectation" or a "generalized prediction," the twelve-year cap may only be fairly characterized as a "firm representation." Myers' supporting affiants, his mother, Claudette Williams, and sister, Cynthia Woodall, are equally firm in their statements that Weill assured Myers he would not receive a sentence of "more than twelve years." Myers said that he relied upon this advice and entered *178 a plea of guilty, whereupon to his chagrin, the Circuit Court sentenced him to sixteen years imprisonment, four years longer than the maximum he reasonably understood he might receive.
Myers has provided evidentiary facts and conclusory allegations, and he has provided them in sworn form. His complaint meets the pleadings requisites of the PCR Act. Given our scope of review as articulated above, we must hold that Myers has stated a claim sufficient that the Circuit Court had no authority to dismiss it on its face. For these reasons, we may only hold that Myers' complaint states a claim for relief such that he is entitled to proceed past the pleading stage.
Still, nothing said here should be taken to intimate any view on the merits, or even that Myers' claim may survive summary judgment; see Miss. Code Ann. § 99-39-19(2) (Supp. 1990) and Rule 56, Miss.R.Civ.P.; only that Myers' complaint may not be dismissed on its face. Accordingly, the order of the Circuit Court of November 7, 1989, is vacated and reversed, and this case is remanded to the Circuit Court for such further proceedings as may be appropriate, not inconsistent with the law and this opinion.

V.
Several further observations seem appropriate. For one, we think what we said in Sanders bears reiteration:
The relationship of the accused to his lawyer provides a critical factual context here. As he stands before the bar of justice, the indicted defendant often has few friends. The one person in the world, upon whose judgment and advice, skill and experience, loyalty and integrity that defendant must be able to rely, is his lawyer. This is as it should be. Any rational defendant is going to rely heavily upon his lawyer's advice as to how he should respond to the trial judge's questions at the plea hearing. He may also rationally rely on his lawyer's advice what the outcome of the plea hearing will be.
Yet it is the defendant, not the lawyer, who enters the plea. It is the defendant, not the lawyer, who is going to serve the time. It is the defendant, not the lawyer, whose constitutional rights are being waived at the plea hearing. It is the defendant's plea and accompanying waiver of rights which under established law must be voluntarily and intelligently given, with full appreciation of the consequences to follow.
Sanders, 440 So.2d at 286.
Second, should Myers prevail in the end, all of the substantive relief he could possibly receive on remand is vacation of his conviction and reinstatement of his not guilty plea. The prosecution would then be free to put Myers to trial on the aggravated assault indictment and, upon conviction, demand the maximum sentence. Miss. Code Ann. § 97-3-7(2) (Supp. 1987). That sentence, of course, could well exceed not only twelve years, but sixteen years as well.
Third, nothing said here precludes the possibility that Myers may have committed perjury, and should be prosecuted therefor. We say this in the context of the sworn representations he made before the Circuit Court incident to his original entry of a guilty plea to the effect that he had been promised nothing in the way of an agreed or a lenient sentence. This may well suggest that, either at his plea hearing, or in the complaint he presents today under oath, Myers has committed an indictable offense. See, e.g., Hogan v. State, 516 So.2d 474, 477 (Miss. 1987); Sanders v. State, 440 So.2d at 289 (R.N. Lee, J., specially concurring); Sanders v. State, 439 So.2d 1271, 1276 (Miss. 1983).
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., and PRATHER, PITTMAN, and BANKS, JJ., concur.
HAWKINS, P.J., concurs with separate specially concurring opinion joined by ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and SULLIVAN and McRAE, JJ.
*179 McRAE, J., concurs with separate specially concurring opinion joined by HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, J.
HAWKINS, Presiding Justice, specially concurring:
I concur in reversing, but am prompted to write to correct a mistake this Court began in Neal v. State, 525 So.2d 1279, 1280 (Miss. 1987); repeated in Billiot v. State, 515 So.2d 1234, 1236 (Miss. 1987), and cited with approval in the majority opinion. I offer my apology for the delay in expressing my misgivings.
The mistake is to analogize the petition in a claim for relief under Miss. Code Ann. § 99-39-9 to a civil complaint under Rule 12(b)(6) of the Mississippi Rules of Civil Procedure, a totally unnecessary exercise, and which can cause mischief.
Miss. Code Ann. § 99-39-11(1), (2) gives a court all the guidelines it needs to evaluate such post-conviction relief motions:
§ 99-39-11. Judicial examination of original motion; dismissal; filing answer.
(1) The original motion, together with all the files, records, transcripts and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned.
(2) If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified. (Emphasis added)
Rather than rest on this plainly worded section, Neal tells us:
The matter is now before the Court upon Neal's application for relief under the Mississippi Uniform Post-Conviction Collateral Relief Act. Miss. Code Ann. §§ 99-39-1 et seq. (Supp. 1986). The Attorney General, of course, denies facial merit to Neal's application.
Our procedural posture is analogous to that when a defendant in a civil action moves to dismiss for failure to state a claim. See Rule 12(b)(6), Miss.R.Civ.P.; Stanton & Associates, Inc. v. Bryant Construction Company, Inc., 464 So.2d 499, 504-06 (Miss. 1985). Functionally, Section 99-39-9 is substituted for the pleadings requirements of Rule 8(a) and (e), Miss.R.Civ.P... .
525 So.2d at 1280.
Stanton & Associates, Inc., cited in Neal, 464 So.2d at 505, fn. 5, informs the bench and bar:
Because our rules of civil procedure have been patterned after the Federal Rules of Civil Procedure, we look to authoritative construction of the comparable federal rule for guidance in our consideration of questions presented under our rules.
There was no need whatever to analogize a criminal post-conviction relief pleading under Miss. Code Ann. § 99-39-9 to a complaint in a civil case. One can only wonder why it was done.
By repeated cases the Federal courts have held that a motion to dismiss a civil complaint under Rule 12(b)(6) comes under the following criteria:
A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, Tex. 1957, 78 S.Ct. 99, 355 U.S. 41, 2 L.Ed.2d 80. See, also, Johnsrud v. Carter, C.A.Pa. 1980, 620 F.2d 20 [29]; Thomas W. Garland, Inc. v. City of St. Louis, C.A.Mo. 1979, 596 F.2d 784, certiorari denied 100 S.Ct. 208, 444 U.S. 899, 62 L.Ed.2d 135, on remand 492 F. Supp. 402; Ray v. Proxmire, 1978, 581 F.2d 998, 180 [189] U.S.App.D.C. 220, certiorari denied 99 S.Ct. 326, 439 U.S. 933, 58 L.Ed.2d 329; ...
.....
A complaint should not be dismissed unless there is no possibility that plaintiff can recover under allegations of complaint. Madison v. Purdy, C.A.Fla. 1969, 410 F.2d 99.
Complaint should not be dismissed for legal insufficiency except where there is a failure to state a claim on which some *180 relief, not limited by request in complaint, can be granted. Norwalk CORE v. Norwalk Redevelopment Agency, C.A.Conn. 1968, 395 F.2d 920.
Complaint is not subject to dismissal unless it appears to be certain that plaintiff cannot possibly be entitled to relief under any set of fact which could be proved in support of its allegations, and even then court ordinarily should not dismiss complaint except after affording every opportunity to plaintiff to state claim upon which relief might be granted. Buras v. Timolat, C.A.La. 1960, 275 F.2d 797, certiorari denied 81 S.Ct. 167, 364 U.S. 879, 5 L.Ed.2d 101... .
A complaint must be held sufficient if, on any view of allegations, plaintiff states facts sufficient to entitle him to relief. City of Daytona Beach v. Gannett Fleming Corddry & Carpenter, Inc., C.A.Fla. 1958, 253 F.2d 771.
Motion to dismiss for failure to state claim should not be granted unless it appears to a certain degree that plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. Millet v. Godchaux Sugars, Inc., C.A.La. 1957, 241 F.2d 264... .
While there may very well be similarities, close similarities, between the statutory guide for determining whether a post-conviction relief motion entitles the prisoner to a hearing and the Federal courts', and this Court's, guidelines under a Rule 12(b)(6) motion to dismiss, I do not know they are the same. There being no occasion to do so, until somebody shows me they are the same, I eschew such interpretation.
Basically, my problem is the judicial attitude, or philosophy, behind this kind of interpretation. I do not place a citizen trying to state a claim for relief in one of our civil courts in the same category as a convicted felon in the penitentiary trying to write a petition or motion to get himself out. For my part, I see more reason for sympathetic judicial ear in the former instance than the latter. If the statutory language required such an interpretation, fine; but I do not think we should volunteer to do so on our own.
Miss. Code Ann. § 99-39-11(2) states the criterion fully and fairly. I see no need for members of this Court to either expand on it or try to improve upon it.
Let us occasionally leave well enough alone.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and SULLIVAN and McRAE, JJ., join this opinion.
McRAE, Justice, specially concurring:
I concur in reversing as to the results only. I feel that Myers had stated evidentiary facts and conclusionary allegations which would warrant further review by the Court, hence his complaint does state a claim for relief and he is entitled to proceed past the pleading stage. However, I would state further that nothing should be taken to intimate in any way my views on the merits of the case or that Myers may even survive Rule 56, Miss.R.Civ.P. I do not concur with the reasonings set forth by the majority; however, I do concur in the specially concurring opinion by Presiding Justice Hawkins.
HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, J., join this opinion.
NOTES
[1] The indictment charged that on October 6, 1987, Myers recklessly and feloniously caused serious bodily injury to Olevia Leflore under circumstances manifesting extreme indifference to the value of human life by discharging a firearm in a reckless fashion, the projectile therefrom striking Olevia Leflore.
[2] Neal v. State was decided September 23, 1987, and is reported in 525 So.2d 1279 (Miss. 1987). Billiot came two months later, on November 25, 1987. Billiot was reported first, in 515 So.2d 1234, because Neal was held on petition for rehearing, upon which the Court did not finally act until June 3, 1988.