# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 93-KP-00480-SCT

*TIMOTHY CARL MYERS*

*v.*

*STATE OF MISSISSIPPI*

## CONSOLIDATED WITH

### 89-KP-01272-SCT

*TIMOTHY MYERS*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/31/93 |
| TRIAL JUDGE: | HON. WILLIAM F. COLEMAN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY | EDWARD J. PETERS |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 4/24/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DAN LEE, C.J., BANKS AND MILLS, JJ.**

**BANKS, JUSTICE, FOR THE COURT:**

Timothy Myers pled guilty to aggravated assault in 1987. He subsequently petitioned the Hinds County Circuit Court for post-conviction relief, on the grounds that his plea was involuntary and he had received ineffective assistance of counsel. He presently appeals the denial of that petition.

Because we find that the lower court's factual findings in support of his conclusion that Myers' plea was voluntary are not clearly erroneous, we affirm the lower court's denial of Myers' petition.

## I.

Timothy Myers was indicted for aggravated assault in violation of Miss. Code Ann. § 97-3-7(2) on December 8, 1987. He had recklessly fired a gun at someone who had thrown a bottle at him. His shot missed the target, however, and hit Olevia Leflore instead. At the time he used the gun, Myers was on some form of probation for a prior armed robbery which had been adjudicated under the Youth Court Act. Following his indictment, Myers petitioned the circuit court to be allowed to enter a plea of guilty. Although Myers could not read or write at the time, and had been enrolled in special education through most of his schooling, the circuit court accepted the plea and adjudged Myers guilty of aggravated assault on April 13, 1988. The circuit court subsequently sentenced him to sixteen years imprisonment.

Myers filed a complaint for post-conviction relief in the Circuit Court of Hinds County on September 27, 1989, alleging that his guilty plea had been involuntarily given because his attorney had advised him that he would likely receive a sentence of twenty-five years if he went to trial, but that he would receive less than twelve years if he pled guilty. The circuit court dismissed his complaint on its face, without holding an evidentiary hearing, finding that the motion, exhibits, and prior proceedings in the case indicated that Myers was not entitled to post-conviction relief.

Myers successfully appealed that dismissal to this Court. In *Myers v. State*, 583 So. 2d 174 (Miss. 1991), this Court held that the sworn affidavits that were attached to his complaint substantiated his claim that he had pled guilty involuntarily. Thus, his complaint met the pleading requirements of the Post-Conviction Relief Act and could not be dismissed on its face. This Court reversed and remanded the cause to the circuit court for further proceedings. *Id.* at 176.

On remand, the circuit court conducted a hearing at which Myers was represented by counsel. Myers testified that his lawyer through the plea process had told him that the judge was going to give him twelve years. Myers also testified that he knew that the trial judge had the power and discretion to sentence him however he wanted to sentence him, because the judge had specifically said that he could sentence him to serve up to twenty years.[1] Myers stated that his attorney had explained to him how to answer the court's questions during the plea proceeding, so that he knew what the judge wanted to hear. Myers also adduced additional evidence that his attorney had promised his mother and sisters that, as a matter of fact, not opinion, Myers would have to serve no more than twelve years if he pled guilty.

Myers' pre-trial attorney testified at this hearing that he had initially had an offer of a plea agreement for twelve years from the District Attorney. He testified that Myers did not want to accept the offer of twelve years, and that instead he wanted to plead "open or blind," in the hopes of getting a shorter sentence. He stated that he had informed Myers of the possibility that he could get the maximum sentence, and that he was very careful in doing so. He believed that Myers understood his explanation, although he was aware that Myers could not read or write more than his name, and had been a special education student. Myers' attorney denied ever promising Myers or any member of his family that he could get Myers any particular sentence if he went into the hearing without any recommendation from the District Attorney.

On March 31, 1993, the circuit court concluded that Myers' petition for post-conviction relief should be denied, and issued an order to that effect. Although he did not issue an opinion, he stated at the close of the post-conviction hearing that the testimony of Myers' sisters was "conflicting, inconsistent, indefinite, and enters very little value." The court concluded that while Myers' testimony about having been promised the twelve-year sentence was possibly a sincere understanding of that first plea offer from the district attorney, the court did not believe that Myers had understood that initial promise of a twelve-year recommendation to apply to his ultimate petition to enter a guilty plea and the subsequent sentencing hearing. The court noted that Myers had testified that he had understood that he could be sentenced to the twenty-year maximum. Furthermore, he stated that Myers' attorney's testimony had been the most believable.

Myers appeals this ruling, reiterating his complaints that were raised below.

## II.

Myers first argues that the circuit court erred in denying him post-conviction relief because he demonstrated ineffective assistance of counsel during the plea proceedings that compelled the vacation of that plea and resultant conviction. As evidence of his ineffective assistance of counsel, he points to his own testimony at the post-conviction hearing that described his attorney's promise of a one-year sentence in return for $2,500, and his promise that the judge would sentence Myers to no more than twelve years. He further alleges that his attorney had failed to make him fully aware of the risk of pleading without a recommendation from the District Attorney, and that the trial court failed to compensate for the lack of information by failing to tell Myers that any advice that he may have received of a specific sentence was incorrect.

The circuit court did not specifically address the question of whether Myers' attorney had rendered ineffective assistance of counsel, although this claim was raised in the original Motion to Vacate and Set Aside Conviction and Sentence. The court limited its analysis to whether the guilty plea was constitutionally voluntary: it assessed whether it believed that Myers' attorney had made promises to Myers and his family, and whether Myers knew that he could receive any sentencing within the statutory range.

Although the court did not expressly reach the question, these factual findings dispose Myers' claim of ineffective assistance of counsel. Myers correctly notes that he was constitutionally entitled to effective assistance of counsel during the plea process. *Hill v. Lockhart,* 474 U.S. 52, 57 (1985), *Mowdy v. State,* 638 So. 2d 738 (Miss. 1994). The standard is the familiar two pronged test of *Strickland v. Washington*, 466 U.S. 668 (1984) in which a claimant must show that (1) counsel's performance was deficient, and (2) the deficient performance was prejudicial to the defense. The prejudice inquiry in the context of counsel's assistance in the entrance of guilty pleas entails assessing whether the defendant would have rather gone to trial had he been correctly informed by his counsel. *Alexander v. State,* 605 So. 2d 1170, 1173 (Miss. 1992).

That said, none of the bases of Myers' claim of ineffective assistance of counsel meet this test of constitutional deficiency. First, Myers' claims that he had been promised a particular sentence by his attorney were expressly rejected by the trial court.[(2)](#) The trial court resolved the conflicting testimony and found as a matter of fact that Myers' attorney had not made any promise to Myers,

noting that Myers' sisters' testimony about the one-year promise was too inconsistent to be credible at all. These findings must be accorded deference by this Court unless they are clearly erroneous. *Schmitt v. State,* 560 So. 2d 148, 151 (Miss. 1990). We hold that these findings are not clearly erroneous, since there is substantial evidence in the record to support them.

Second, Myers' assertion that his attorney had not adequately informed him of the risk of pleading guilty without a sentence recommendation from the district attorney is undermined by his testimony at the post-conviction hearing, during which he stated that he remembered the following colloquy from the plea proceeding:

> Q [by the State]: When the Judge explained to you what a plea was on Page 11, Line 23, of the transcript, "By an open plea now I mean that there would be one -- I would be the one to determine what the appropriate sentence would be." You answered him, "Yes, sir." "Do you understand that?" You answered, "Yes, sir." Now, he went through several possibilities of the sentences that would be open to you. One of the facts that he would be able to sentence you to the maximum in the case. Did you understand that? Do you remember him going over that with you?

> A. [by Myers] Yes, sir.

While Myers is correct in noting that the sentencing transcript does not reveal any additional admonishment from the trial court that any hopes that Myers may have had of a specific sentence were unfounded, Myers also testified at the post-conviction hearing that he had been aware that the judge could give him any sentence up to twenty years.

Myers' own testimony seems to suggest that any error that the trial court made in failing to tell him at the sentencing hearing that he should not expect any specific sentence was harmless; he says he was already aware that any sentence was possible, having admitted being told as much by the trial court when he entered his guilty plea. Thus, Myers' claim of ineffective assistance of counsel is meritless, since the two deficiencies that he alleges in his pre-trial counsel were rejected by the trial court and, alternatively, appear to have caused him no harm even if true, since he admitted to having been adequately informed during his plea process.

## III.

Myers next argues that the circuit court erred in denying his motion for relief because the evidence that he presented at the hearing indicated that he was coerced by his attorney into pleading guilty. Again, he is referring to his attorney's promise of a twelve year sentence that induced his decision to enter an open (or blind) plea of guilty to the indictment. This argument merges the allegation of involuntariness into another claim of ineffective assistance of counsel. Myers claims that his attorney's promise of a twelve year sentence arose out of a deal that he had made with the State to cause Myers to plead guilty. He argues that this behavior, combined with his attorney's failure to do anything to defend Myers at his plea and sentencing proceedings, resulted in Myers having, constructively, no counsel at all, a condition under which prejudice is legally presumed to result. *Strickland,* 466 U.S. at 692.

This argument is without merit. First, Myers adduced no proof at his post-conviction hearing of any

deal that his attorney had made with the State to procure Myers' guilty plea, and he presently presents no factual support beyond his bare accusation. Furthermore, the trial court made findings of fact that Myers' attorney had never made him any promise that he would be sentenced to twelve years if he pleaded blindly, and that Myers knew during his plea proceeding that he could get any sentence up to twenty years. As we have already concluded, these findings were not clearly erroneous.

Myers claims that his attorney failed to defend him are also unproven. There was no evidence on this matter taken at the post-conviction hearing, and Myers has failed to include a transcript of the plea proceeding in this record. Admittedly, Myers' attorney did not make any argument in his defense at the sentencing hearing beyond explaining that the absence of the defendant's version of the incident in the presentencing investigation report was due to a postal error, after which he gave the following statement:

> May it please the Court, Timothy, as the PSI report indicates, has had a pretty hard life. There's one thing that he's done throughout and that is, when he has done something wrong, he has come forward and admitted it. I believe the investigating officers would say that. When he was convicted previously back when he was fifteen, he admitted that he did wrong -- that he had committed that previous crime that he was charged with. In this case, when he was arrested, he immediately came forward and admitted that he had done wrong and he has followed that through all the way. He admitted it, pled guilty and he's ready to be sentenced. He knows he's gonna go to jail for a long time. He needs some help -- he needs some psychiatric help and I just ask -- we throw ourselves on the mercy of the Court and we believe the Court will temper justice with mercy.

The State made no argument at all at this hearing, although the judge appears to have had a victim impact statement. The court promptly launched into its sentence and explanation thereof, describing Myers' juvenile history and the credit that he was receiving for having come forward and admitted his guilt.

Myers presently does not suggest what his lawyer should or could have done in this proceeding to better defend his position, although he alleges that he suffered a "grave injustice." In light of the fact that his attorney did make some argument on his behalf, and in further light of the fact that the State did not make any argument to which the defense should have responded, we conclude that Myers' attorney cannot be considered a "total lack of counsel at a critical stage," nor considered to have behaved in a manner "tantamount to no performance at all." Thus, we cannot presume prejudice to his defense as would ordinarily be done under such circumstances.

Since neither of Myers' assignments of error has merit, the denial of his petition for post-conviction relief is affirmed.

**DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**

1. Although Myers testified at the hearing on his petition for post-conviction relief that he had been

told this, the transcript of the earlier sentencing hearing does not reveal any discussion of the range of possible sentences that Myers could face. This record does not contain a transcript of the proceeding in which Myers entered his guilty plea.

2. Myers claimed that his attorney had initially promised to get him a one-year sentence, which was later changed to a twelve-year sentence when he could not come up with the attorney's fees quickly enough.