987 So.2d 496 (2008)
Desmond HYNES, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2007-CA-00681-COA.
Court of Appeals of Mississippi.
July 29, 2008.
*497 Eric Charles Hawkins, Greenville, attorney for appellant.
Office of The Attorney General by Deirdre McCrory, attorney for appellee.
Before LEE, P.J., CHANDLER and GRIFFIS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Desmond Hynes appeals the denial of his motion for post-conviction collateral relief. Hynes asserts that: (1) he received ineffective assistance of counsel, and (2) his guilty plea was not knowingly and voluntarily entered. We find no error and affirm.

FACTS
¶ 2. Hynes was indicted on charges of possession of marijuana with intent to distribute while in possession of a firearm, conspiracy to sell cocaine, and sale of marijuana while in possession of a firearm. Hynes pleaded guilty to possession of marijuana with intent to distribute while in possession of a firearm. The other charges were dismissed by the State. On February 4, 2005, Hynes was sentenced to thirty years in the custody of the Mississippi Department of Corrections.
¶ 3. On February 8, 2005, Hynes was brought before the circuit court for a second time. The circuit court set aside the original sentence of thirty years due to a mistake made at the first plea hearing. After accepting Hynes's guilty plea a second time, the circuit court sentenced Hynes to twenty years in the custody of the Mississippi Department of Corrections, with fifteen years to serve and five years suspended pursuant to five years of post-release supervision.
¶ 4. Hynes filed a motion for post-conviction collateral relief. The State filed its *498 answer. After a hearing was held, the circuit court denied the relief requested by Hynes. It is from this order that Hynes now appeals.

STANDARD OF REVIEW
¶ 5. A circuit court's denial of post-conviction collateral relief will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct. App.2002). However, when reviewing issues of law, this Court's proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

ANALYSIS

1. Did Hynes receive ineffective assistance of counsel?
¶ 6. Hynes argues that he received ineffective assistance of counsel at the plea hearings. Hynes claims that his attorney failed to: (1) investigate the ownership of the weapon used to add the firearm enhancement to his charge or file a motion to dismiss the firearm enhancement and (2) object to the conflict of interest created because a co-defendant's attorney initially represented both Hynes and the two other co-defendants in this case.
¶ 7. To prove ineffective assistance of counsel, a defendant must show that: (1) his counsel's performance was deficient, and (2) this deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests with the defendant to demonstrate both prongs. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). Under Strickland, there is a strong presumption that counsel's performance falls within the range of reasonable professional assistance. Strickland, 466 U.S. at 689, 104 S.Ct. 2052. To overcome this presumption, "[t]he defendant must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. 2052. In cases involving post-conviction collateral relief, "where a party offers only his affidavit, then his ineffective assistance claim is without merit." Vielee v. State, 653 So.2d 920, 922 (Miss.1995).

a. Firearm Enhancement
¶ 8. Hynes alleges that his attorney's representation was deficient because she "made no effort to investigate the allegation of the ownership and possession of the very weapon which was used to enhance [his] sentence." He claims that because the record indicates that the gun was not in his possession at the time of his arrest and because his fingerprints were not found on the gun, there was sufficient exculpatory evidence to require his attorney to file a motion to dismiss the firearm enhancement portion of the indictment.
¶ 9. Under the first prong of Strickland, Hynes must prove that this conduct, on the part of his attorney, was deficient. Strickland, 466 U.S. at 687, 104 S.Ct. 2052. We find that Hynes has not met this burden. The police set up surveillance on a residence occupied by Hynes and the other co-defendants. Upon execution of a search warrant, the police found 15,100 grams of marijuana and two firearms inside the home. Hynes was arrested when he left the home to dispose of the original wrapping in which the marijuana had been shipped. The evidence referred to by Hynes  the lack of his fingerprints on the guns and the lack of possession of a gun on his person when he was arrested  does not prove that Hynes was not in possession of the firearm at the time the crime was committed. As the circuit court held, "the State has and could produce evidence that this Defendant was in possession of a *499 firearm at the time of the crime, either individually or while acting in concert with others." Further, Hynes has not shown any resulting prejudice as required by the second prong of Strickland. Id. In fact, Hynes received the exact same sentence as one of his co-defendants who pleaded guilty to the same crime without the firearm enhancement.
¶ 10. Hynes has failed to establish that he would not have chosen to enter a guilty plea, but for counsel's failure to object to the firearm enhancement. Accordingly, this issue has no merit.

b. Conflict of Interest
¶ 11. Hynes also argues that his counsel was ineffective for her failure to object to a conflict of interest regarding attorney Edward J. Bogen. Hynes was charged along with two other co-defendants. In the early stages of the matter, all three co-defendants were represented by Bogen. Subsequently, Bogen continued to represent one co-defendant, and Hynes was appointed new counsel. Bogen's client agreed to turn State's evidence; thus, Hynes argues that this created a conflict of interest that prejudiced his case.
¶ 12. As the State argues, "the possibility of conflict [of interest] is insufficient to impugn a criminal conviction. In order to demonstrate a violation of his Sixth Amendment rights, a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance." Cuyler v. Sullivan, 446 U.S. 335, 350, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). However, as the circuit court held, Hynes has shown no evidence of any prejudice caused by Bogen's prior representation. Hynes certainly has not proven that he would not have entered a guilty plea but for his counsel's failure to object to Bogen's representation of a co-defendant. Accordingly, we find that Hynes's ineffective assistance of counsel claim is without merit.

2. Was Hynes's guilty plea knowingly and voluntarily entered?
¶ 13. Hynes next contends that his guilty plea was not entered knowingly and voluntarily because he was not aware of the maximum and minimum sentences for the crime charged, or whether the charge for possession of marijuana with intent to transfer was enhanced by the possession of a firearm. The State responds that the circuit judge did not err by finding that Hynes's plea was entered voluntarily because the transcript of Hynes's second plea hearing shows that Hynes was fully aware of the consequences of pleading guilty.
¶ 14. A plea of guilty is binding only if it is entered voluntarily and intelligently. Myers v. State, 583 So.2d 174, 177 (Miss.1991). Such a plea is voluntary and intelligent when the defendant is informed of the charges against him and the consequences of his plea. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). He must also understand "the maximum and minimum penalties provided by law." URCCC 8.04(A)(4)(b).
¶ 15. There was indeed some confusion about the minimum and maximum sentences during Hynes's first plea hearing. This mistake caused the circuit judge to vacate the original sentence of thirty years and bring Hynes back for a second plea hearing.
¶ 16. Hynes argues that he remained unaware of the maximum and minimum sentences during the second plea hearing. The basis for this argument is his response when the circuit judge asked him to state his understanding of the plea:

*500 Well, at first, the possession of marijuana with intent by a firearm, 20 to 60 years. I got 30 years Friday. When I came back up here yesterday, they said I was going to get it cut in half, 15 years. After talking  well I just heard talking in the hallway that the gun charge was going to get dropped on me and [a co-defendant], and we were just going to have marijuana with intent. It wasn't going to be enhanced with a firearm. But that was just hearsay, didn't nobody come directly and tell me. My attorney wasn't here so I couldn't ask her. But standing here now, I guess it still stands as possession of marijuana with intent, enhanced with a firearm. I really don't know.
Despite Hynes's argument, this statement does not prove that Hynes was unaware of the maximum and minimum sentences. The record shows that Hynes was given time to confer with his attorney and that he initialed his plea petition, which correctly stated the maximum and minimum sentences. Further, Hynes's plea entered at the second hearing was not an open plea. The State made a recommendation that he be sentenced to twenty years with five years suspended. The circuit court immediately told Hynes it would follow the recommendation should he enter a guilty plea and it be accepted.
¶ 17. Despite the initial confusion over the firearm enhancement and the maximum and minimum sentences, it is clear from the record that Hynes understood the consequences of his plea. The circuit court questioned Hynes as follows:
Q: You have a choice to accept this offer, or you have a choice of a trial. No one can force you. Your wife can't force you. Your mother can't make you. Your attorney can't make you. This is Desmond Hynes'[s] decision.... Do you understand that?
A: Yes, ma'am.
Q: And you do have a choice. No one is making you accept the State's offer. Do you understand that?
A: Yes, ma'am.
Q: Do you clearly understand that?
A: Yes, ma'am.
Q: Do you have any questions about that?
A: No, ma'am.
Q: What does Desmond want to do? Not what your mother wants you to do, not what your wife wants you to do, not what your attorney wants you to do, what does Desmond want to do?
A: Fifteen years. The twenty, suspend five.
Q: You want to accept the offer?
A: Yes, ma'am.
The plea was accepted by the circuit court, and Hynes was sentenced according to the State's recommendation. We find that the circuit court did not err in finding that Hynes's plea was entered knowingly and voluntarily. After the initial confusion among the attorneys and the circuit judge, Hynes was made aware of the maximum and minimum sentences of the charge. The circuit judge gave him ample time to discuss this with his attorney and with various members of his family before he decided to enter his guilty plea. After Hynes was allowed to consider his options, which were clearly laid out by the circuit judge, Hynes unequivocally stated that he wanted to plead guilty and accept the offer recommended by the State. Accordingly, we find that this assignment of error is without merit.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY DENYING THE MOTION *501 FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.