# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-KP-00518-SCT

*GREGORY L. MOORE*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/23/96 |
| TRIAL JUDGE: | HON. LARRY EUGENE ROBERTS |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: CHARLES W. MARIS |
| DISTRICT ATTORNEY: | BILBO MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/2/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/23/97 |

**BEFORE SULLIVAN, P.J., ROBERTS AND SMITH, JJ.**

**ROBERTS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

On April 19, 1993, in the Circuit Court of Lauderdale County, Gregory L. Moore pled guilty to armed robbery and possession of cocaine. He was sentenced to serve fifteen years for armed robbery and three years for possession of cocaine. The sentences were to run consecutively.

Moore filed his Petition for Post-Conviction Relief on March 25, 1996, in the Circuit Court of Lauderdale County. In that petition, accompanied with the usual affidavits and claims, he requested that the court vacate and set aside his convictions and sentences. After a thorough review of the petition and the claims therein, along with the transcript of the guilty plea proceedings, the lower court denied Moore's petition on April 23, 1996.

It is from the denial of his Petition for Post-Conviction Relief that Moore appeals to this Court, raising the following issues:

**I. WHETHER THE PETITIONER'S GUILTY PLEAS WERE KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY MADE.**

**II. WHETHER THE PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.**

**III. WHETHER THE DISTRICT ATTORNEY AND DEFENSE COUNSEL BREACHED THEIR DUTY BY FAILING TO OBSERVE THE TERMS, AS OF LAW.**

## STATEMENT OF THE FACTS

Moore was indicted by the Grand Jury of Lauderdale County for armed robbery on November 8, 1991, and possession of cocaine on November 12, 1991. After being incarcerated for twenty-one months due to numerous postponements, Moore finally appeared before the Honorable Larry E. Roberts. He was represented by Barbara Scott.

It is clear from the record that prior to the day he pled guilty, Moore had previously been represented by other counsel. What is not clear is why the previous counsel withdrew. Scott stated before the court that she had only become involved in the case the Thursday prior to appearing in court as counsel for Moore. She stated that she was informed on that Thursday that she would be going to trial on the following Monday, but was under the impression that Moore would be entering a plea of guilty.

Moore spoke with the judge regarding what options were available to him. The judge informed Moore that he could proceed to trial, along with the consequences of such a decision, and the judge explained to Moore the option of making a guilty plea. The judge also explained to Moore the ramifications of "pleading in the blind." Moore stated that he was guilty of the crimes for which he was charged, but he just wanted to know what his options were. After hearing the judge's explanation, Moore decided to enter his guilty plea.

Before the judge accepted Moore's guilty plea, he conducted a thorough examination and engaged in an in-depth discussion with Moore regarding the guilty plea process. Moore was informed by the court of the minimum and maximum sentences he could face for each charge against him. He was informed of the legal rights he would be waiving by pleading guilty. Moore was questioned by the court to determine his ability to understand the consequences of his pleading guilty. When the court questioned Moore about being satisfied with his legal advice and service, he responded that he was satisfied. Lastly, the court explained the sentences and how they were to be served.

The court then questioned Moore about the crimes themselves. Moore explained in great detail the crimes for which he was charged. After this lengthy proceeding, Moore's guilty plea was accepted by the lower court. An Order Accepting Guilty Plea and Sentencing was entered by the lower court on April 19, 1993. Moore filed his Petition for Post-Conviction Relief on March 25, 1996. The lower court denied the petition on April 23, 1996. Aggrieved from this denial of relief, Moore now appeals to this Court.

<u>**DISCUSSION OF THE ISSUES**</u>

**I. WHETHER THE PETITIONER'S GUILTY PLEAS WERE KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY MADE.**

Moore contends that the lower court erred by finding his guilty plea was knowingly, voluntarily, and intelligently made. Although he fails to cite any authority, Moore correctly states that a guilty plea is not voluntary if the defendant proves he was coerced. He then claims that he told the lower court at his plea hearing that he was being coerced into taking the plea. However, the transcript of Moore's plea hearing is void of any such statement despite repeated questioning by the judge to ensure the plea was voluntary.

This Court is concerned with protecting a defendant's constitutional rights before accepting a guilty plea. A guilty plea must be voluntarily made in order to satisfy the constitutional rights of a defendant. *Taylor v. State*, 682 So. 2d 359, 362 (Miss. 1996) (citing *Wilson v. State*, 577 So. 2d 394, 396-97 (Miss. 1991)). The plea is deemed voluntary if the defendant knows what the elements are in the charge against him, including an understanding of the charge and its relation to him, the effect of the plea, and the possible sentence. *Id.*(citing *Schmitt v. State*, 560 So. 2d 148, 153 (Miss. 1990)). A complete record should be made of the plea proceeding to ensure that the defendant's plea was voluntary. *Boykin v. Alabama*, 395 U.S. 238 (1969).

It is clear from the record that the judge went to great lengths to avoid having Moore plead guilty if it was not what he wanted to do. The judge explained to Moore the minimum and maximum sentences he was facing. The constitutional rights Moore would be waiving by entering a guilty plea were explained by the judge. The judge then asked if Moore knew right from wrong and was free from the influences of drugs or alcohol. Moore was then asked, "Has anybody tried to force you to plead guilty or twist your arm or in some way get you to do something that you wouldn't otherwise do?" Moore responded by saying, "No, sir." All of the questioning took place prior to accepting Moore's guilty plea.

The Court finds that it is clear from the record that the lower court took the mandated precautions to ensure that Moore's constitutional rights were not violated. Moore had the chance to state to the lower court that he was coerced into entering a plea, and the record shows that he did not mention it. Any such claim is clearly refuted by the lengthy and explicit record of the guilty plea hearing, along with Moore's own statements in his sworn petition to plead guilty. Moore's claim that his plea was not knowingly, voluntarily, or intelligently made is without merit.

**II. WHETHER THE PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.**

Moore raises ineffective assistance of counsel as his second issue on appeal. However, he fails to make any arguments in support of his claim. Moore states that he met the requirements this Court set forth in *Billiot v. State*, 515 So. 2d 1234 (Miss. 1987), and *Myers v. State*, 583 So. 2d 174 (Miss. 1991). Therefore, he claims "he has provided evidentiary facts and conclusory allegations in sworn form with supporting affidavits to entitle him to an evidentiary hearing with respect to his allegations." We can only conclude the "allegations" he is referring to make up his ineffective assistance of counsel claims, but Moore does not specifically raise that claim in his argument listed

under Issue II of his brief.

The trial court is granted the authority to dismiss a petition for post-conviction relief without an evidentiary hearing by the language in Miss. Code Ann. § 99-39-11(2), which states: "If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified." As discussed above, the lower court went to great lengths to question Moore regarding his rights, desires, and options regarding his guilty plea.

It is true Moore had several other attorneys representing him prior to being represented by Scott; however, there is no evidence of ineffective assistance of counsel as to her representation. The transcript of the guilty plea proceeding shows that Moore was not entitled to any relief on his claims of ineffective assistance of counsel, and no evidentiary hearing was necessary. The judge asked Moore whether he was satisfied with the legal advice and legal services that Scott had given him. He responded that he was. The judge next questioned Moore as to the information contained in his petitions to plead guilty to both charges against him. Moore was asked if he had gone over the information with his lawyer. He said he had. The judge then asked Scott if she felt Moore was making a free, voluntary, and intelligent plea. She responded in the affirmative. Finally, the judge asked Moore if he had any other questions or if there was anything that he did not understand "because this is fixing to be a done deal." Moore responded, "No, sir, your Honor."

The standard of review for ineffective assistance of counsel is set forth in **Strickland v. Washington**, 466 U.S. 668 (1984). The test to be applied is (1) whether counsel's overall performance was deficient and (2) whether the deficient performance, if any, prejudiced the defense. **Cole v. State**, 666 So. 2d 767, 775 (Miss. 1995). The burden is on the defendant to prove both prongs. **Id.** (citing **Edwards v. State**, 615 So. 2d 590, 596 (Miss. 1993)).

Moore has not substantiated any of his argument or allegations in his claims before this Court. He has failed to prove Scott's performance in her representation was deficient and prejudicial when measured against the totality of the circumstances. **Cole**, 666 So. 2d at 775. Because the transcript of the guilty plea proceedings is clear, this Court holds that the lower court did not commit error by denying Moore's claims for ineffective assistance of counsel without an evidentiary hearing.

### III. WHETHER THE DISTRICT ATTORNEY AND DEFENSE COUNSEL BREACHED THEIR DUTY BY FAILING TO OBSERVE THE TERMS, AS OF LAW.

It is unclear to the Court as to what claim or argument Moore is attempting to raise in this issue. It appears that he is claiming his earlier defense counsel was permitted to withdraw without placing him on notice. Secondly, Moore restates his argument from Issue I that his plea was involuntarily entered. Because the voluntariness of Moore's guilty plea has been decided by this Court in Issue I, there will be no further discussion in this portion of the memorandum. The withdrawal of Moore's earlier court appointed counsel will be addressed.

Moore was indicted on November 8, 1991, on charges of armed robbery as an habitual offender and possession of cocaine. He was arraigned on those charges on November 13, 1991, and entered a plea of Not Guilty. At that time Moore was represented by David Stephenson. Trial was set for April 28, 1992, but was continued until July 29, 1992, by agreement of both parties. Apparently the trial was

again continued for reasons not stated in the record before this Court. On September 18, 1992, Stephenson was allowed to withdraw as counsel and was substituted by Joe Clay Hamilton. The trial dates on the two charges were rescheduled for October 13, 1992, and December 10, 1992. No record is provided to this Court as to why, but no trial was had on those dates. Subsequently, on April 6, 1993, Hamilton was allowed to withdraw as counsel. He was substituted by Barbara Scott. On April 19, 1993, with Scott as his counsel Moored entered a plea of guilty to both charges. He was sentenced to fifteen years on the armed robbery charge and three years on the possession of cocaine.

Moore states that neither Stephenson, nor Hamilton, notified him before the court permitted them to withdraw from representing him. This, if true, is contrary to URCCC 1.13, which provides that the court shall not permit an attorney to withdraw without prior notice to his client and all attorneys of record.

There are three reasons why Moore's claims have no merit before this Court. First, the URCCC under which Moore is claiming error were not adopted until May 1, 1995, which was nearly two years after his original guilty pleas were accepted by the lower court. The requirements mandated by the URCCC did not apply to Stephenson when he was permitted to withdraw as counsel on September 18, 1992, nor did they apply to Hamilton when he was permitted to withdraw on April 6, 1993.

Second, Moore raises in his appeal before this Court and in his Petition for Post-Conviction Relief claims that are totally contrary to his sworn testimony given before the trial court at the time of his guilty plea. This was noted in the lower court's order denying his petition. The inconsistencies included statements by Moore at his guilty plea hearing that he had not been informed by either of his previous court appointed attorneys that he could receive a life sentence, but in his petition he claimed they had. Also, Moore stated in his petition that he was coerced into pleading guilty, yet the record and transcript of his guilty plea hearing show with amazing clarity that his plea was intelligently, knowingly and voluntarily given.

In *Smith v. State*, 636 So. 2d 1220, 1224 (Miss. 1994), this Court stated:

> In contrast, Smith's current contentions and credibility are certainly suspect. When we compare his previous sworn testimony during his guilty plea with his current affidavit, the latter is practically rendered a "sham," thus allowing the summary dismissal of the petition to stand. At one time or the other Smith has obviously committed perjury, which may warrant appropriate action by a grand jury.

*Id.* (citations omitted). The lower court recognized that Moore was under oath during the guilty plea hearing and that he had filed a sworn Petition for Post Conviction Relief. The lower court then stated that Moore had come perilously close to perjury. This blatant contradiction renders Moore's appeal before this Court a "sham." *Taylor v. State*, 682 So. 2d 359, 363 (Miss. 1996).

Third, Moore has waived the claim of inappropriate withdrawal by his previously appointed counsel. He appeared in open court while being represented by an attorney during the guilty plea hearing. The only witnesses Moore wanted to call were character witnesses to testify in mitigation of sentence, not for purposes of proclaiming his innocence. The transcript is void of any complaints by Moore as to the withdrawal of earlier counsel. Moore knew that his counsel had withdrawn and claimed no injury

or prejudice at trial. In fact, Moore made it abundantly clear to the court that he was guilty and had no intentions of going to trial. Further, Moore explained in great detail exactly how he committed both of the crimes for which he was charged and pled guilty. Because Moore was represented by counsel in open court at his guilty plea hearing, his right to counsel was not violated. Moore stated at his hearing that he was satisfied with services provided to him by Scott. Finally, before the lower court accepted Moore's plea of guilt, the judge asked Moore if there was anything he wanted to ask or if there was anything that he did not understand. Moore replied, "No, sir."

It is for the above reasons that this Court finds that the claims raised by Moore in the third issue are without merit. The claims have been waived by Moore and are barred from being raised on appeal before this Court. These claims are without merit.

## CONCLUSION

The trial court conducted an extensive examination of Moore at his guilty plea hearing prior to accepting his plea. Upon a thorough review of the record and transcript of the proceedings below, it is clear that Moore's plea of guilty was knowingly, voluntarily and intelligently made. Also, the record does not show and Moore has failed to prove that his counsel was ineffective. He does not come close to proving either prong required by *Strickland*. Moore's final claims are not properly before this Court on appeal. Because there are contradictions in Moore's sworn statements at his guilty plea hearing and his sworn Petition for Post Conviction Relief, Moore's latter claim is rendered a sham. Moore waived any claims of prejudice due to the withdrawal of his court-appointed counsel when he did not raise such claims at the guilty plea hearing. He also waived those same claims by admitting he was guilty and describing in open court in detail how the crimes were committed. Moore's claims are without merit. Therefore, the lower court's decision to deny Moore's Petition for Post Conviction Relief is affirmed.

**LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, SMITH AND MILLS, JJ., CONCUR.**