811 So.2d 367 (2001)
Earl ROGERS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CP-00342-COA.
Court of Appeals of Mississippi.
February 6, 2001.
*368 Earl Rogers, pro se.
Office of the Attorney General by Dewitt T. Allred, III, Attorneys for Appellee.
Before SOUTHWICK, P.J., LEE, and THOMAS, JJ.
THOMAS, J., FOR THE COURT:
¶ 1. Earl Rogers, pro se, appeals an order of the Circuit Court of Chickasaw County, Mississippi denying his petition for post-conviction relief. Aggrieved, Rogers perfected this appeal raising the following issues as error:
I. WHETHER THE CIRCUIT COURT IMPROPERLY DENIED *369 POST CONVICTION RELIEF?
II. WHETHER APPELLANT WAS ENTITLED TO AN EVIDENTIARY HEARING?
Finding no error, we affirm.

FACTS
¶ 2. On August 6, 1996, Rogers was indicted for two offenses of transfer of cocaine and on July 27, 1998, he pled guilty to both charges. Upon the State's recommendation, Rogers was sentenced to a term of fifteen years imprisonment, with eight years suspended upon five years post-release supervision, participation in a drug treatment program, and payment of costs and a fine for each offense, to be served concurrently. Rogers filed a petition for post-conviction motion to correct an illegal sentence, which was denied without a hearing. It is from this denial that Ellis now appeals.

ANALYSIS

I.

WHETHER THE CIRCUIT COURT IMPROPERLY DENIED POST-CONVICTION RELIEF?
¶ 3. While Rogers does not seek to have his conviction overturned, he does seek to have his sentence vacated due to his claims that his plea was not entered into voluntarily, his sentence is excessive and in violation of the plea agreement, and that he received ineffective assistance of counsel. In the interest of simplicity, this case will be discussed in the context of these three assignments of error followed by a discussion of the issue of whether Rogers was improperly denied an evidentiary hearing.

1. Whether Rogers's plea was knowing, voluntary, and intelligent?
¶ 4. Rogers argues that his plea was involuntary because the State did not make the agreed upon sentencing recommendation at the plea hearing. Instead of recommending that Rogers receive fifteen years with eight suspended, the State additionally recommended that Rogers receive five years of probation following his release.
¶ 5. In determining whether the entry of a plea of guilty was properly accepted by the trial court, we are bound by the rule that the plea must be entered voluntarily and intelligently. Goss v. State, 730 So.2d 568, 573 (Miss.1998) (quoting Banana v. State, 635 So.2d 851, 854 (Miss. 1994)). The defendant must be advised of the nature of the crime charged and the consequences of the guilty plea. Id.
¶ 6. Based on the transcript of the plea hearing, it is clear that Rogers's entry of a guilty plea was done in a knowing, voluntary, and intelligent manner. During the plea hearing, Rogers confirmed that he was aware of his constitutional rights, that he was aware of the range of punishment available, and that he had not receive any promises or suggestions of leniency in exchange for his guilty plea. Finally, Rogers admitted that he did indeed commit the crimes for which he was charged. Based upon the plea colloquy, we find no basis to hold that Roger's plea of guilty in this matter was not knowingly, voluntarily, and intelligently entered. This assignment of error is with out merit.

2. Whether Rogers's sentence is excessive and in violation of the plea agreement?
¶ 7. Rogers's contention that his sentence is excessive and in violation of the plea agreement is without merit. The trial court is not obligated to follow any sentencing *370 recommendation presented by the State. Martin v. State, 635 So.2d 1352, 1356 (Miss.1994). Furthermore, the plea colloquy reflects that Rogers wished to enter an open plea with no recommendation as to sentence from the State. Rogers could have been sentenced up to thirty years on each charge as per Miss.Code Ann. § 41-29-139(a) (Rev.1993). Since the trial court imposed a sentence within the statutory limitations provided by the Mississippi legislature, the sentence is appropriate and there is no error. Hoops v. State, 681 So.2d 521, 537 (Miss.1996).

3. Whether Rogers receive ineffective assistance of counsel?
¶ 8. Rogers argues that it was the ineffective assistance of counsel he received that led to what he believes to be an excessive sentence. As can be surmised from Rogers's brief, he believed his lawyer, Ms. Woolbright, was being assisted by another attorney, Mr. Trout, who was in fact representing the State. Rogers claims that his attorney, Ms. Woolbright, told him the State offered an eight year sentence in exchange for his guilty plea and that during the plea hearing, his other attorney, Mr. Trout, agreed to amend the recommendation of sentence to include five years of probation. The record of the plea hearing reflects that Mr. Trout did indeed recommend the additional five years of probation acting in his capacity representing the State.
¶ 9. In order for Rogers to prove the ineffective assistance of counsel claim, under Miss.Code Ann. § 99-39-11(2) (Supp.1997), the allegation must be alleged with specificity. "[H]e must specifically allege facts showing that effective assistance of counsel was not in fact rendered, and he must allege with specificity the fact that but for such purported actions by ineffective counsel, the results of the trial court decision would have been different." Smith v. State, 434 So.2d 212, 219 (Miss. 1983). See also Miss.Code Ann. § 99-39-9(1)(c) (1994).
¶ 10. Rogers has alleged no specific facts showing that effective assistance of counsel was not rendered. Rogers's actual attorney, Ms. Woolbright, informed Rogers of the sentence recommended by the State and adequately represented Rogers at the plea hearing. Rogers's claim that he was ineffectively represented by Mr. Trout is without merit due to the fact Rogers could not receive ineffective assistance of counsel from an attorney who was not serving as his counsel.

II.

WHETHER APPELLANT WAS ENTITLED TO AN EVIDENTIARY HEARING?
¶ 11. Rogers argues that the trial court improperly ruled on his motion without conducting an evidentiary hearing. According to Miss.Code Ann. § 99-39-11 (Rev.2000), "if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal." Miss.Code Ann. § 99-39-11 (Rev. 2000). Also, Miss.Code Ann. § 99-39-19 (Rev.2000) provides: "The court may grant a motion by either party for summary judgment when it appears from the record that there is no genuine issue of material fact." Turning to the issue of a defendant's sworn testimony at a plea hearing, the court in Roland v. State, 666 So.2d 747, 751 (Miss.1995), concluded that an evidentiary hearing is not necessary if the record of the plea hearing reflects that the defendant was advised of the rights of which he now claims he was not aware. Id. When the record of the plea hearing *371 belies the defendant's claims, an evidentiary hearing is not required. If the defendant's claims are totally contradicted by the record, the trial judge may rely heavily on the statements made under oath. Simpson v. State, 678 So.2d 712, 716 (Miss. 1996). In Mowdy v. State, 638 So.2d 738, 743 (Miss.1994), the court stated: "Where the petitioner's version is belied by previous sworn testimony, for example, as to render his affidavit a sham we will allow summary judgment to stand."
¶ 12. The trial judge was clearly acting within his authority to rule on Rogers's motion without an evidentiary hearing. As evidenced by the order denying Richardson's request, the trial judge reviewed the petition and the plea hearing transcript. The trial judge did not abuse his discretion in choosing to rely on Rogers's sworn testimony that he understood the plea process. Therefore, we find that Richardson's claim that he was improperly denied the right to an evidentiary hearing on his motion to correct an illegal sentence to be without merit.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF CHICKASAW COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CHICKASAW COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, LEE, IRVING, MYERS and CHANDLER, JJ., concur.