IRVING, J.,
for the court.
¶ 1. Otis Cummings appeals from an order of the Circuit Court of Choctaw County denying his motion for post-conviction relief (PCR). In this appeal, Cummings asserts (1) that he was denied due process by the trial court, (2) that the indictment is defective and did not confer jurisdiction on the trial court, (3) that he received ineffective assistance of counsel, and (4) that his guilty plea was involuntarily given.
¶ 2. We find no merit in any of the issues; therefore, we affirm the trial court’s denial of relief.
FACTS
¶ 3. Cummings, represented by counsel, pleaded guilty to felony driving under the *16 influence (D.U.I.) in the Circuit Court of Choctaw County. During the plea hearing, the trial judge questioned and advised Cummings concerning the charges. Also, during the plea hearing, the State explained to the court that Cummings had obtained two other D.U.I. convictions within five years of the one for which he was then in court. Cummings stated that he could read and write and that he had read and understood the petition to enter a plea of guilty. Additionally, he stated that all things in the petition were true, that he understood the rights he was waiving, and that he was voluntarily waiving those rights. Thereafter, the court determined that his plea had been voluntarily and intelligently entered and accepted the plea.
¶ 4. Subsequently, in 2000 and 2001, Cummings filed two motions for post-conviction relief. The first motion was filed September 27, 2000. In this motion, Cummings alleged that the indictment was improper, that he had received ineffective assistance of counsel, and that his guilty plea was given involuntarily. Additionally, he alleged, without explanation, that the motion was based on “self-incrimination.” The second motion was filed January 16, 2001. In this motion, Cummings again alleged a violation of due process and contended that representation by counsel had been ineffective. Additionally, he alleged a violation of his Eighth Amendment right against cruel and unusual punishment. On February 8, 2001, the trial court entered an order denying Cummings’s motion for post-conviction relief. The order did not specify which PCR motion was being addressed.
ANALYSIS AND DISCUSSION OF ISSUES

1. Due Process Violation and Defects in the Indictment

¶ 5. Inasmuch as the trial court did not address the September 2000 PCR motion prior to Cummings’s filing his second PCR motion, this Court will assume that the order denying post-conviction relief applies to both motions. Issues one and two will be merged for purposes of this analysis. In issue one, Cummings asserts that his Fifth and Fourteenth Amendment rights were violated because he was not given a preliminary hearing within seventy-two hours and that he was forced to wait more than six and a half months. In addition, Cummings avers that his right to a speedy trial was violated. Cummings’s issue two encompasses two issues. First, Cummings argues that the indictment was defective, false, and unsupported by sufficient facts because and, at most, the charge should have been a misdemeanor instead of a felony. Secondly, he contends that the trial court lacked subject matter jurisdiction as a result of this defect.
¶ 6. A valid guilty plea operates as a waiver of practically all of a criminal defendant’s federal and state constitutional rights. For example, a knowing and voluntary guilty plea waives a defendant’s privilege against compulsory self-incrimination, the right to a trial by jury, the right to confront and cross-examine accusatory witnesses, and the right to have the prosecution prove every element of the offense beyond a reasonable doubt. Jefferson v. State, 556 So.2d 1016, 1019 (Miss. 1989); Phillips v. State, 421 So.2d 476, 479 (Miss.1982). Also, a valid guilty plea waives all defects in an indictment with two exceptions: (1) failure to charge an essential element of a criminal offense and (2) subject matter jurisdiction. Jefferson, 556 So.2d at 1019. Further, Cummings’s plea of guilty effectively waived “all non-jurisdictional rights or defects which are incident to trial.” Anderson v. State, 577 So.2d 390, 391 (Miss.1991). This includes *17 the right to a timely preliminary hearing and speedy trial as both of these are incident to a criminal trial.
¶ 7. However, as stated, Cummings’s guilty plea did not waive his right to complain about the lack of jurisdiction in the trial court. Whether the trial court possessed the requisite jurisdiction to accept Cummings’s guilty plea is a question of law. In re Proposed Initiative Measure No. 20, 774 So.2d 397 (¶ 13) (Miss.2000). Therefore, a de novo standard of review is applied. Id. Section 156 of the Mississippi Constitution confers original jurisdiction in the circuit courts “in all matters civil and criminal in this state not vested by this Constitution in some other court, and such appellate jurisdiction as shall be prescribed by law.” In re Proposed Initiative Measure No. 20, 774, So.2d at (¶ 14). Cummings’s indictment clearly shows that his charged offense occurred in the county of the circuit court in which he pleaded guilty; thus, giving the Choctaw County Circuit Court subject matter jurisdiction. This issue lacks merit.

S. Ineffective Assistance of Counsel

¶ 8. Cummings charges that his counsel’s assistance was ineffective because counsel’s advice was erroneous, the facts were misrepresented, and counsel failed to investigate the case independently. Conversely, the State asserts that Cummings received effective assistance of counsel because Cummings only received two and one half years when the maximum sentence for his crime is five years. Additionally, the State properly notes “that where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit.” Lindsay v. State, 720 So.2d 182 (¶ 6) (Miss.1998). More importantly, Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), provides the criteria by which any claim of ineffective assistance of counsel is judged. A claimant must satisfy a two prong test: (1) that his counsel’s performance was deficient, and (2) that this supposed deficient performance prejudiced his defense. Id. at 687, 104 S.Ct. 2052. This test is reviewed under the strong but re-buttable presumption that an attorney is competent and his conduct is reasonable. Leatherwood v. State, 473 So.2d 964, 968 (Miss.1985). The burden to prove both prongs of the test rests with the defendant. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). The application of the Strickland test is done with deference to counsel’s performance, considering the totality of circumstances to determine whether counsel’s actions were both deficient and prejudicial. Conner v. State, 684 So.2d 608, 610 (Miss.1996). Because Cummings failed to provide any supporting affidavits and any other evidence which would overcome the presumption which is given to his counsel, this issue lacks merit.
A Involuntary Guilty Plea
¶ 9. Cummings seems to contend, although not clearly, that his plea was involuntary because counsel told him that the judge was prepared to give Cummings the maximum penalty allowable if he failed to accept the plea agreement with a recommendation of two and one half years to serve. Although the State does not address this issue directly, the State avers that Cummings waived his right to raise this issue when he pleaded guilty.
¶ 10. In order for Cummings to withdraw his guilty plea, he must prove by a preponderance of evidence that his plea was made involuntarily. Schmitt v. State, 560 So.2d 148, 151 (Miss.1990). Moreover, “[a] plea is deemed ‘voluntary and intelligent’ only where the defendant is advised concerning the nature of the charge against him and the consequences of the *18 plea.” Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). During Cummings’s plea hearing, he was asked whether he was advised about the nature of the charge and the consequences of his plea. Cummings responded in the affirmative. Also, he stated that he had read the charges himself, had been advised of the nature of his crime and consequences of his plea and agreed to accept the plea bargain.
¶ 11. This Court concludes that Cummings’s plea was voluntarily made. For the reasons stated above, we affirm the denial of Cummings’s petition for post-conviction relief.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF CHOCTAW COUNTY DENYING THE MOTION FOR POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO CHOCTAW COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.