ROBERTS, J.,
for the Court:
¶ 1. On October 28, 2008, in the Hum-phreys County Circuit Court, Quincy Johnson entered a plea of guilty to murder. Johnson was sentenced to life in the custody of the Mississippi Department of Corrections (MDOC). He filed a motion for reconsideration and a motion for post-conviction relief (PCR). On February 2, 2011, the circuit court dismissed Johnson’s PCR motion because it was procedurally barred. Johnson now appeals.
FACTS AND PROCEDURAL HISTORY
¶ 2. On May 14, 2007, Johnson, Veshone Malone, and Lee Smith devised a plan to rob Clinton Chinn at his home. Johnson, Malone, and Smith went to a local nightclub owned by Chinn and stayed there until about 1:00 a.m., when they proceeded to drive to Chinn’s home. Malone stayed in the car while Johnson, with a .357 Magnum pistol, and Smith, with a .9-millimeter pistol borrowed from Johnson, waited for Chinn outside his home. Chinn’s wife arrived home first and went inside; Chinn arrived home a few minutes later. Johnson and Smith approached Chinn to rob him. When Chinn attempted to escape by running around his vehicle, Smith fired two shots, killing Chinn. Johnson picked up Chinn’s wallet. Malone picked up Johnson and Smith, and all three drove toward Yazoo City, Mississippi. A few days later, Johnson was apprehended when he attempted to pay a personal bill using Chinn’s checkbook.
¶ 3. Johnson was indicted for capital murder and conspiracy to commit robbery. He initially entered a plea of not guilty, but he subsequently pled guilty on October 28, 2008, to murder. The charge of conspiracy to commit robbery was dismissed pursuant to Johnson truthfully testifying against both Lee and Malone. Johnson filed several post-trial motions, including a motion for trial transcripts and discovery, a motion for reconsideration of his sentence, and a PCR motion. The circuit court entered an order on February 2, 2011, dismissing Johnson’s post-trial motions, finding that the motions were procedurally barred because he failed to raise the facts and issues at his sentencing hearing, where they could have been addressed. From that dismissal, Johnson now appeals.
*709 ¶ 4. He raises the following two issues on appeal:
I. Whether the circuit court erred in denying Johnson’s PCR motion without an evidentiary hearing concerning the legality of his guilty plea.
II. Whether the court-appointed attorney was ineffective.
ANALYSIS
¶ 5. On appeal of a circuit court’s dismissal of a PCR motion, this Court will only reverse the circuit court’s judgment if we find its decision was clearly erroneous. Boyd v. State, 65 So.3d 358, 360 (¶ 10) (Miss.Ct.App.2011) (citing Council v. Miss. Dep’t of Corrs., 51 So.3d 256, 258 (¶ 7) (Miss.Ct.App.2011)). A PCR motion may be summarily dismissed “where ‘it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the ease that the movant is not entitled to any relief.’ ” White v. State, 59 So.3d 633, 635 (¶4) (Miss.Ct.App.2011) (quoting Miss.Code Ann. § 99-39-11(2) (Supp. 2010)). Questions of law receive a de novo review. Id.
I. Guilty Plea
¶ 6. Johnson first argues that his guilty plea was not legal because he was coerced and intimidated into pleading guilty to murder. Johnson claims he was threatened with receiving the death penalty if he did not plead guilty to murder, even though he was not the person who actually pulled the trigger. Additionally, Johnson alleges that his court-appointed attorney persuaded his family to convince him to plead guilty. Lastly, he asserts that he was promised he would be eligible for parole after serving ten years in the custody oftheMDOC.
¶ 7. If a guilty plea is coerced or involuntary, then any conviction based on that guilty plea is subject to collateral attack. Myers v. State, 583 So.2d 174, 176-77 (Miss.1991) (citation omitted). There fore, a guilty plea is valid and legal only if it is entered voluntarily and intelligently. See id. In Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992) (citing Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991)), the Mississippi Supreme Court found that “plea is deemed ‘voluntary and intelligent’ only where the defendant is advised concerning the nature of the charge against him and the consequences of the plea.” The supreme court has further held that “[s]olemn declarations in open court carry a strong presumption of verity.” Baker v. State, 358 So.2d 401, 403 (Miss.1978). After a review of the record, we do not find any evidence that Johnson’s guilty plea was illegal, involuntary, or coerced.
¶ 8. In the present case, the circuit judge asked Johnson if he understood the contents of his guilty-plea petition or had any questions about it. Johnson said he did understand the contents of his guilty-plea petition and that he did not have any questions about it. Johnson acknowledged that he did sign the guilty-plea petition. After being advised of the constitutional rights he was giving up by entering a guilty plea, Johnson indicated that he still wanted to plead guilty. Johnson did state that he wanted to plead guilty to armed robbery and not murder, but when the circuit judge again asked if Johnson wanted to plead guilty to murder, Johnson responded, “Yes, ma’am.”[1] The circuit judge specifically asked, “Has anyone forced you or [made] you enter this guilty plea?” Johnson responded, “No, ma’am.” *710 Johnson had the same answer to the circuit judge’s question of whether anyone had promised anything to get him to enter a guilty plea. When discussing his sentencing, Johnson asked the circuit judge for clarification as to whether he was being sentenced to life with parole. The circuit judge indicated that the sentence was life with parole, but she further stated that Johnson should not “enter this plea based on that.... Because that [would be] up to MDOC whether or not [he would] get parole or the parole board....” Johnson again stated that he wished to enter a guilty plea. It is clear by Johnson’s admissions and statements under oath, in open court, that he voluntarily wished to plead guilty to the charge of murder. Further, Johnson’s claim that he was coerced into entering his guilty plea based on threats of the death penalty is not found in the record. Johnson was initially indicted for capital murder and conspiracy to commit armed robbery. Johnson was likely informed by the State and his attorney that proceeding to trial on a capital-murder charge could result in a jury finding him guilty of capital murder, and the imposition of the death penalty would be possible. Johnson has presented nothing to show that he was told anything but that the death penalty was a possible sentence for a capital-murder charge.
¶ 9. This issue is without merit.
II. Ineffective Assistance of Counsel
¶ 10. Johnson’s next issue raised is that he received ineffective assistance of counsel. According to Johnson, his attorney spent too much time persuading Johnson’s family to get him to plead guilty. He claims if his attorney “would have argued the facts of this case, instead of concentrating on having [him plead] guilty to a crime he did not commit, ... [his attorney] could have shown to the [circuit court] that [he] was[,] in fact, innocent of the crime of murder[.]” Johnson also claims that his attorney informed him that he would be eligible for parole after serving ten years of his sentence.
¶ 11. The two-prong test found in Strickland v. Washington, 466 U.S. 668, 687-89, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), is applied to claims of ineffective assistance of counsel. The first prong requires the appellant to show that counsel’s performance was deficient. Id. The second prong requires proof that counsel’s deficient performance prejudiced the appellant. Id. There is a strong, but rebutta-ble, presumption that counsel’s performance and actions fall “within the wide range of reasonable professional assistance,” and only when it is shown that the outcome would have been different will counsel’s actions be deemed deficient. Williams v. State, 89 So.3d 676, 680-81 (¶ 10) (Miss.Ct.App.2012) (quoting Parker v. State, 30 So.3d 1222, 1233 (¶ 37) (Miss.2010)). Additionally, in PCR cases, “ ‘where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit.’ ” Brooks v. State, 89 So.3d 626, 628 (¶ 6) (Miss.Ct.App.2011) (quoting Vielee v. State, 653 So.2d 920, 922 (Miss.1995)).
¶ 12. Johnson has failed to provide any affidavits to support his contention that his attorney was ineffective. Additionally, Johnson reaffirmed at his guilty-plea hearing and in his guilty-plea petition that he was satisfied with his attorney’s performance. Without additional evidence, we cannot find that Johnson’s attorney’s performance was ineffective.
¶ 13. This issue is without merit.
1114. THE JUDGMENT OF THE HUMPHREYS COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS *711 AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HUM-PHREYS COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.

. The circuit judge explained to Johnson that she could not reduce the charge and could only either accept or not accept his plea to the murder charge.