FAIR, J.,
for the Court:
¶ 1. On December 18, 1981, Ray Anthony Chaney pled guilty to five counts of burglary of a dwelling. Over thirty years later, he filed a motion for post-conviction relief (PCR). Chaney stated that, at the time of his guilty plea, his constitutional rights were violated because his counsel was ineffective.
¶ 2. The Jackson County Circuit Court dismissed Chaney’s motion without an evi-dentiary hearing, stating that the motion was untimely filed and had no meritorious claims. Chaney’s motion for reconsideration was also denied. Chaney now appeals to this Court. Finding no error, we affirm the trial court’s dismissal of Chaney’s PCR motion.
STANDARD OF REVIEW
¶ 3. The trial court may summarily dismiss a PCR motion without an eviden-tiary hearing “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.” Miss.Code Ann. § 99-39-11(2) (Supp.2012). To succeed on appeal, the movant must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is procedurally alive. Young v. State, 731 So.2d 1120, 1122 (¶ 9) (Miss.1999).
¶ 4. When this Court reviews the trial court’s dismissal of a PCR motion, we “will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. However, where questions of law are raised[,] the applicable standard of review is de novo.” Terry v. State, 755 So.2d 41, 42 (¶ 4) (Miss.Ct.App.1999).
DISCUSSION
¶ 5. Chaney argues his attorney was ineffective by: (1) coercing him into pleading guilty and failing to correctly explain the applicable laws and sentencing alternatives, (2) encouraging him to engage in a plea that was not voluntary or intelligently given, (3) failing to object to the trial court’s failure to engage in a full and fair plea colloquy, and (4) failing to perfect an appeal after he was instructed to do so by Chaney.
¶ 6. Chaney pled guilty, so he had three years from the entry of the judgment of his conviction to file a PCR motion pursuant to Mississippi Code Annotated section 99-39-5(2) (Supp.2012). Claims made outside of the three-year statute of limitations must raise one of the exceptions found in section 99-39-5(2)(a)-(b). “Accordingly, we must look to see whether an exception to these procedural bars applies. The movant bears the burden of showing he has met a statutory exception.” Bell v. State, 95 So.3d 760, 763 (¶ 10) (Miss.Ct.App.2012) (citation omitted).
¶ 7. “[E]rrors affecting fundamental constitutional rights are excepted from the procedural bars of the [Uniform Pos-Conviction Collateral Relief Act].” Rowland v. State, 42 So.3d 503, 506 (¶ 9) (Miss.2010). But mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar. Chandler v. State, 44 So.3d 442, 444 (¶ 8) (Miss.App.Ct.2010). “There must at least appear to be some basis for the truth of the claim before the [procedural bar] will be waived.” Id.
¶ 8. To succeed on an ineffective-assistance-of-counsel claim, the appellant must satisfy the two-pronged test laid out in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *309 and adopted by the Mississippi Supreme Court in Stringer v. State, 454 So.2d 468 (Miss.1984). “First, the defendant must show that counsel’s performance was deficient. ... Second, the defendant must show that the deficient performance prejudiced the defense.” Id. at 477 (quoting Strickland, 466 U.S. at 687, 104 S.Ct. 2052).
¶ 9. Mississippi Code Annotated section 99-39-9(1) (Supp.2012) sets forth the requirements for a PCR motion. The mov-ant must give a “separate statement of the specific facts which are within the personal knowledge of the [movant] and which shall be sworn to by the [movant].... ” Miss. Code Ann. § 99 — 39—9(l)(d).
¶ 10. In his motion, Chaney presented an unsworn statement as his only piece of evidence in support of his argument. He incorrectly titled this piece of paper as an affidavit. An affidavit is “a voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths, such as a notary public.” Black’s Law Dictionary 62 (8th ed.2004). An unsworn affidavit is “merely a piece of paper with the word ‘affidavit’ as its title.” Thomas v. Greenwood Leflore Hosp., 970 So.2d 273, 277 (¶ 19) (Miss.Ct.App.2007).
¶ 11. Chaney only makes bare assertions in support of his ineffective-assis-tanee-of-counsel claims. He has not shown that his counsel’s performance was deficient, as required under Strickland. Furthermore, he has not shown that his counsel’s allegedly deficient performance “proximately resulted in his guilty plea, and [that] but for counsel’s errors, he would not have entered the plea.” Cole v. State, 918 So.2d 890, 894 (¶ 10). This issue is without merit.
¶ 12. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR.