LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. On November 14, 2011, Ronnie Harper pleaded guilty to sexual battery in Harrison County Circuit Court. The State recommended that Harper be sentenced to twenty years, with twelve years to serve and eight years suspended followed by three years of post-release supervision, all in the custody of the Mississippi Department of Corrections (MDOC). The court did not follow the recommendation, and sentenced Harper to twenty years in the custody of MDOC.
¶ 2. Harper filed his pro se petition for post-conviction relief, which the trial court denied on June 29, 2012. This appeal followed.
STANDARD OF REVIEW
¶ 3. When this Court reviews a trial court’s denial of a petition for post-conviction relief, “[w]e will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Mann v. State, 2 So.3d 743, 745 (¶ 5) (Miss.Ct.App.2009). However, we review questions of law under the de novo standard. Id.
*790 DISCUSSION
¶ 4. Harper appeals, arguing that (1) his trial counsel was ineffective; (2) his sentence breached the plea agreement; and (3) the trial court used the wrong standard of review when it denied his petition.
I. INEFFECTIVE ASSISTANCE OF COUNSEL
¶ 5. Harper argues that his counsel was ineffective when he gave erroneous advice that led Harper to enter an involuntary and unintelligent guilty plea. Additionally, he claims that his counsel’s performance was deficient when he failed to communicate to the trial court that the plea-bargain offer of a twelve-year sentence was in return for testifying in an unrelated case.
¶ 6. To succeed on an ineffective-assistance-of-counsel claim, Harper must show that his trial counsel’s performance was deficient and that he was prejudiced by that deficiency. See McCollum v. State, 81 So.Sd 1191, 1192-93 (¶ 8) (Miss.Ct.App.2012) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Since Harper claims that his guilty plea was involuntary and unintelligent because of his trial counsel’s deficient performance, he must show that his “counsel’s errors proximately resulted in the guilty plea and, but for [his] counsel’s errors, [he] would not have entered the guilty plea.” McCollum, 81 So.3d at 1192-93 (¶ 8) (quoting Deloach v. State, 937 So.2d 1010, 1011 (¶ 5) (Miss.Ct.App.2006)).
¶ 7. Harper argues that his trial counsel told him that he would receive only a twelve-year sentence if he pleaded guilty and that he had to “go along with whatever the trial court asked him, even if that meant he had to lie.” However, this claim is contrary to the record of Harper’s plea colloquy. During the plea colloquy, the trial court advised Harper, “while ... there’s probably been some bargaining or plea negotiations between your attorney and the [S]tate’s attorney, do ... you understand that any plea bargain or plea recommendation is not a promise or a guarantee that this is the sentence you will receive in this case, Mr. Harper?” Harper informed the court that he was aware that the plea bargain was not a promise.
¶ 8. The court advised Harper that the maximum sentence for sexual battery was thirty years and a maximum fine of $10,000. The court also asked if he understood that it was under no obligation to follow the State’s recommendation and that any sentence he received would be a day-for-day sentence. Again, Harper told the court that he understood and that he was willing to proceed with his guilty plea.
¶ 9. While Harper argues to the contrary on appeal, the Mississippi Supreme Court has noted that “[s]olemn declarations in open court carry a strong presumption of verity.” Mowdy v. State, 638 So.2d 738, 743 (Miss.1994) (citations omitted). It is clear from the record that Harper understood the possible consequences of pleading guilty. The trial court was under no obligation to follow the recommendation of the State. See Rogers v. State, 811 So.2d 367, 369-70 (¶ 7) (Miss.Ct.App.2001). Additionally, Harper fails to offer any evidence that his trial counsel’s performance was deficient. This issue is without merit.
II. PLEA AGREEMENT
¶ 10. Harper also asserts that the sentence was contrary to the plea agreement. As stated above, the trial court was not obligated to follow the terms of the plea agreement. See id. Therefore, this issue is without merit.
*791 III. STANDARD OF REVIEW
¶ 11. Harper asserts that the trial court used the wrong standard when it reviewed his petition for post-conviction relief and that the trial court abused its discretion in denying his petition without an evidentiary hearing. Harper argues his petition is entitled to “liberal construction” because he is pro se and cannot read and write.
¶ 12. Harper is correct that the Mississippi Supreme Court has stated, “where, as here, a prisoner is proceeding pro se, we take that fact into account!,] and, in our discretion, credit not so well pleaded allegations to the end that a prisoner’s meritorious complaint may not be lost because inartfully drafted.” Moore v. Ruth, 556 So.2d 1059, 1061 (Miss.1990) (internal citations omitted). However, that credit does not overcome the fact that Mississippi Code Annotated section 99 — 39—9(1) (e) (Rev.2007) requires that “[affidavits of the witnesses who will testify and copies of documents or records that will be offered shall be attached to the [petition].” Here, Harper only offers his own affidavit and a compilation of letters he sent to his trial counsel and the trial court.
¶ 13. This Court has stated that petitions for post-conviction relief “may be summarily dismissed where it plainly appears from the face of the motion, any annexed exhibits[,] and the prior proceedings in the ease that the movant is not entitled to any relief.” Johnson v. State, 101 So.3d 707, 709 (¶ 5) (Miss.Ct.App.2012) (citations and quotation marks omitted). From the face of the motion and Harper’s affidavits and letters, the trial court was not clearly erroneous in denying Harper’s petition without granting him a hearing. Therefore, this issue is without merit.
¶ 14. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DENYING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
IRVING, P.J., BARNES, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. GRIFFIS, P.J., AND ROBERTS, J., CONCUR IN PART AND IN THE RESULT. JAMES, J., CONCURS IN PART AND DISSENTS IN PART. ISHEE, J., NOT PARTICIPATING.