# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-01229-COA

BOBBY THOMAS A/K/A BOBBY LEON THOMAS                                           APPELLANT

v.

STATE OF MISSISSIPPI                                                                                      APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 08/01/2014 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | CLAIBORNE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | BOBBY THOMAS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED – 12/15/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., BARNES AND ISHEE, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1.     This appeal is the result of the denial by the Circuit Court of Claiborne County of Bobby Thomas's motion for post-conviction relief (PCR), in which he alleged that he received ineffective assistance of counsel and that his guilty plea was involuntary. Thomas raises five issues in his principal appellate brief: (1) whether the circuit judge erred in finding that he was competent to stand trial; (2) whether his indictment was fatally defective; (3) whether his guilty plea was involuntary; (4) whether certain witness testimony was credible;

and (5) whether there was a factual basis to support his guilty plea. In his rebuttal brief, Thomas also alleges that he received ineffective assistance of counsel.

¶2.     As discussed below, Thomas's first, second, fourth, and fifth issues are procedurally barred because he raises them for the first time on appeal. *Marshall v. State*, 136 So. 3d 443, 444 (¶3) (Miss. Ct. App. 2013) (quoting *Fluker v. State*, 17 So. 3d 181, 185 (¶5) (Miss. Ct. App. 2009)) (finding that "[a] defendant who fails to raise an issue in his motion for [PCR] before the trial court may not raise that issue for the first time on appeal). So we limit our discussion to his third and sixth issues, while noting that his fifth issue is subsumed by the sixth.

¶3.     Finding no error, we affirm.

## FACTS

¶4.     Thomas was indicted for capital murder, but he pleaded guilty to second-degree murder. The record reveals that he decided to plead guilty during the pretrial proceedings in his capital-murder case. Before Thomas entered his plea, his attorney moved ore tenus for a competency hearing, alleging that Thomas had been a special-education student and that he had once been evaluated at a mental-health facility. The circuit judge denied the motion from the bench.

¶5.     After adjudicating Thomas guilty of second-degree murder, the circuit court sentenced him to serve twenty-five years in the custody of the Mississippi Department of Corrections (MDOC). Thomas later filed his PCR motion, which the circuit court summarily denied,

resulting in this appeal.

## DISCUSSION

¶6.     "We review a circuit court's denial of a PCR motion under a clearly-erroneous standard of review." *Vanwey v. State*, 147 So. 3d 367, 369 (¶8) (Miss. Ct. App. 2014) (quoting *McLaurin v. State*, 114 So. 3d 811, 813 (¶4) (Miss. Ct. App. 2013)). "However, where questions of law are raised, the applicable standard of review is de novo." *Chaney v. State*, 121 So. 3d 306, 308 (¶4) (Miss. Ct. App. 2013) (citing *Terry v. State*, 755 So. 2d 41, 42 (¶4) (Miss. Ct. App. 1999)).

>       I.      *Voluntariness of Guilty Plea*

¶7.     Thomas argues that his guilty plea was involuntary because (1) his trial counsel convinced him that the plea was in his best interest because a trial would result in a death sentence; and (2) his trial counsel told him that he would get parole if he pleaded guilty. In response, the State asserts that the record supports a finding that Thomas was aware of the consequences of his guilty plea.

¶8.     In order for us to find that Thomas's guilty plea was voluntarily entered, we must first find that when he entered the plea, the circuit judge advised him of his rights, the nature of the charges against him, and the consequences of his plea. *Dockery v. State*, 96 So. 3d 759, 763 (¶17) (Miss. Ct. App. 2012) (quoting *Burrough v. State*, 9 So. 3d 368, 373 (¶11) (Miss. 2009)). In his plea petition, Thomas swore that his trial counsel had informed him of the minimum and maximum sentence for second-degree murder and that his trial counsel had

informed him that the State would recommend a twenty-five-year sentence.

¶9.     During the plea hearing, the circuit judge informed Thomas of the constitutional rights that he was forfeiting as a result of his guilty plea, and Thomas stated that he understood the nature of those rights. After that, at the circuit judge's request, the State informed Thomas of the nature and cause of the charges against him, the elements it would have to prove to have him convicted, and the minimum and maximum sentence for second-degree murder. Therefore, the record establishes that Thomas was aware of the nature of the charges against him, the rights he was forfeiting, and the consequences of his plea. So this issue is without merit.

## II.     Ineffective Assistance of Counsel

¶10.    In his rebuttal brief, Thomas argues that his trial counsel was ineffective because counsel failed to inform him that he was entitled to a competency hearing. Thomas also argues that his trial counsel was ineffective for failing to procure medical records that could have proven that he lacked the mental capacity to fully appreciate the consequences of his guilty plea. Thomas further argues that his trial counsel was ineffective for failing to object to the insufficiency of the evidence.

¶11.    In assessing a claim of ineffective assistance of counsel, we apply

> [t]he two-prong test found in [*Strickland v. Washington*, 466 U.S. 668 (1984)].
> . . . The first prong requires the appellant to show that counsel's performance was deficient. The second prong requires proof that counsel's deficient performance prejudiced the appellant. There is a strong, but rebuttable, presumption that counsel's performance and actions fall within the wide range of reasonable professional assistance[,] and only when it is shown that the

4

outcome would have been different will counsel's actions be deemed deficient. *Johnson v. State*, 101 So. 3d 707, 710 (¶11) (Miss. Ct. App. 2012) (internal citations and quotation marks omitted).

¶12. Before Thomas entered his guilty plea, the following colloquy took place between the circuit judge, Thomas's attorney, and the State:

| | |
|---|---|
| [ATTORNEY]: | Your Honor, upon request of the defense, we would ask that Mr. Thomas be given the benefit of a psychiatric evaluation. |
| THE COURT: | On what basis, Counsel? I'll allow you to put your evidence on. |
| [ATTORNEY]: | He advises me that he was a special[-]ed[ucation] student[] and that he at one time[—]when he was in Walnut Grove[—]he was evaluated[—]mentally evaluated[—]and we don't . . . have the records of . . . that evaluation. |
| THE COURT: | Does the [S]tate wish to respond? |
| [STATE]: | Your Honor, the [S]tate has no knowledge of any reason [Thomas] has for a mental evaluation. He was living in society when this crime occurred is everything we know. We don't confess the motion. |
| THE COURT: | Well, the court at this point has nothing to base such an order on[;] so at this point, Counsel, I'll overrule your motion without prejudice. |

So the record establishes that Thomas's trial counsel requested a competency hearing. Also, although the record reveals that Thomas's trial counsel failed to procure his medical records before the plea hearing, it does not shed any light as to the cause of counsel's failure or what

the medical records would have proven. Therefore, we do not find counsel ineffective for failing to request a competency hearing or for failing to procure the medical records.

¶13. Additionally, Thomas's guilty plea relieved the State of its duty to prove each of the elements of second-degree murder beyond a reasonable doubt, *Cummings v. State*, 827 So. 2d 14, 16 (¶6) (Miss. Ct. App. 2012) (citation omitted), and the circuit judge was only required to find an adequate factual basis to support the plea. *Avant v. State*, 55 So. 3d 1115, 1119 (¶10) (Miss. Ct. App. 2010) (citations omitted). During the plea hearing, Thomas admitted that "on or about the 9th day of October 2013 in Claiborne County, Mississippi[, he] did with a depraved heart kill and murder one James Curry by shooting him with a handgun[.]" And he informed the circuit judge that he was pleading guilty because he was in fact guilty and for no other reason. Therefore, there was a factual basis to support the guilty plea, and Thomas's trial counsel was not ineffective for failing to object to the insufficiency of the evidence presented against him. This issue is without merit.

¶14. **THE JUDGMENT OF THE CIRCUIT COURT OF CLAIBORNE COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAIBORNE COUNTY.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, MAXWELL, FAIR, JAMES AND WILSON, JJ., CONCUR.**