# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-00773-COA

**GENE GALES, JR.**                                                   **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                              **APPELLEE**

DATE OF JUDGMENT:            11/12/2019
TRIAL JUDGE:                 HON. ROBERT B. HELFRICH
COURT FROM WHICH APPEALED:   FORREST COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      GENE GALES JR. (PRO SE)
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: ALLISON KAY HARTMAN
NATURE OF THE CASE:          CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                 AFFIRMED - 03/30/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE CARLTON, P.J., GREENLEE AND McDONALD, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.     Gene Gales Jr. appeals the Forrest County Circuit Court's summary dismissal of his motion for post-conviction collateral relief (PCR).  Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     In 2016, Gales was indicted as a non-violent habitual offender for Count I, attempted grand larceny, and Count II, possession of burglar's tools.  On May 22, 2017, Gales pled guilty to Count I and the State chose not to proceed on Count II.  The court sentenced Gales to five years in custody, with all but time served suspended, and three years of post-release supervision (PRS).  Gales was also ordered to pay $500 to the Forrest County Public Defender's Fund and all court costs.  Subsequently, Gales violated the terms of his PRS, and

his sentence was revoked. The court sentenced Gales to serve his original sentence of five years in the custody of the Mississippi Department of Corrections.

¶3. In May 2019, Gales filed a PCR motion claiming his plea was involuntary, he was denied due process, his indictment was defective, and he received ineffective assistance of counsel. The court summarily dismissed Gales' PCR motion. Now Gales appeals.

## STANDARD OF REVIEW

¶4. "A circuit court may summarily dismiss a PCR motion without an evidentiary hearing 'if it plainly appears from the face of the motion, any annexed exhibits, and the prior proceedings in the case that the movant is not entitled to any relief.'" *Porter v. State*, 271 So. 3d 731, 732 (¶3) (Miss. Ct. App. 2018) (quoting Miss. Code Ann. §99-39-11(2)). We "will affirm the summary dismissal of a PCR motion if the movant fails to demonstrate a claim is procedurally alive substantially showing the denial of a state or federal right." *Id*. (quoting *Pinkney v. State*, 192 So. 3d 337, 341-42 (¶13) (Miss. Ct. App. 2015)).

## DISCUSSION

¶5. We must decide whether the court erred by summarily dismissing Gales' PCR motion. In his motion and on appeal, Gales claims that his plea was involuntary, he was denied due process, his indictment was defective, and he received ineffective assistance of counsel.

### I. Involuntary Plea

¶6. "Before the [circuit] court may accept a guilty plea, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea."

*Thinnes v. State*, 196 So. 3d 204, 209 (¶16) (Miss. Ct. App. 2016) (quoting *Thomas v. State*, 881 So. 2d 912, 916 (¶9) (Miss. Ct. App. 2004)). "A plea is considered voluntary and intelligent only if the defendant is informed of the nature of the charge against him and the consequences of the plea." *Id*. at 208-09 (¶16). Additionally, "the court must determine whether the [defendant] understands the minimum and maximum sentences for the charge." *Id*. at 209 (¶16).

A.    Voluntary and Intelligent

¶7.    The plea-hearing transcript reflects that Gales was informed of the nature of the charge against him and that he understood the constitutional rights that he waived by pleading guilty. At the hearing, the court asked Gales, "Do you understand the charge pending against you?" Gales responded, "Yes, sir." Further, Gales did not disagree with the State's recitation of the facts, and he admitted that he had, in fact, committed the charged crime. Additionally, the plea-hearing transcript reflects that the court informed Gales that by pleading guilty he would waive certain constitutional rights, and Gales indicated that he understood. Gales also indicated that he understood the minimum and maximum sentences for the charge and that the court was not bound by any sentencing recommendation. Finally, Gales stated that nobody had promised him anything or threatened him to plead guilty. After reviewing the record, we find that Gales' plea was given voluntarily and intelligently.

B.    Factual Basis

¶8.    Gales suggests that his guilty plea lacked a factual basis. This Court has held that

3

"[t]here are many ways to establish a factual basis, including a statement of the prosecutor, the testimony of live witnesses, and prior proceedings, as well as an actual admission by the defendant." *Tucker v. State*, 294 So. 3d 690, 695 (¶9) (Miss. Ct. App. 2020) (citing *Venezia v. State*, 203 So. 3d 1, 2 (¶6) (Miss. Ct. App. 2016)). Further, "if sufficiently specific, an indictment or information can be used as the sole source of the factual basis for a guilty plea." *Williams v. State*, 110 So. 3d 840, 843 (¶17) (Miss. Ct. App. 2013) (quoting *Drake v. State*, 823 So. 2d 593, 594 (¶6) (Miss. Ct. App. 2002)). "To determine whether a factual basis exists, we consider the entire record." *Id*. (citing *Drake*, 823 So. 2d at 594 (¶5)).

¶9. During the plea hearing, the court asked the prosecutor what the State expected to prove, and the prosecutor responded:

> Yes, Your Honor. For purposes of this plea, the State will only be proceeding in Count I of the indictment. The State would show that Gene Gales, Junior, in Forrest County, Mississippi, on or about January 29, 2016, did willfully, unlawfully, and feloniously design and endeavor to commit the offense of grand larceny, more than $1,000 but less than $5,000, a felony denounced by Section 97-17-41 of the Mississippi Code, and that he did intend to take, steal, and carry away the personal property of William Thomas, to-wit: picture, furniture, tables, couches, bedding, kitchen utensils, appliances, televisions, and a stereo, and did an overt act toward the commission thereof; to-wit: unlawfully entered the storage unit of the owner and removed some of the above-listed items, but he failed therein, in that he was seen by law enforcement agents and stopped.

Then the court asked Gales if he had heard what the prosecutor said, and Gales responded, "Yes, sir." When the court asked Gales if he disagreed with anything the prosecutor said or wanted to add anything, Gales responded, "No, sir." Finally, Gales admitted that everything the prosecutor said was true and that he committed the charged crime. Upon considering the

4

entire record, we find that a factual basis was established to support Gales' plea. *See Boddie v. State*, 875 So. 2d 180, 183 (¶8) (Miss. 2004) (finding a sufficient factual basis existed where the defendant admitted his guilt to the crime alleged in the indictment and had acknowledged his belief that the State could prove his guilt beyond a reasonable doubt). Therefore, this issue is without merit.

## II. Due Process

¶10. Gales claims that his right to due process was violated. In support of his claim, Gales cites to *Henderson v. Morgan*, 426 U.S. 637 (1976). In *Henderson*, the Supreme Court acknowledged that "a plea cannot support a judgment of guilt unless it was voluntary in a constitutional sense." *Id*. at 644-45. The Court found that a plea could not be voluntary in the sense that it constituted an intelligent admission that he committed the offense unless the defendant received "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Id*. (citing *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)).

¶11. The true nature of the charge against Gales was set forth in the indictment and recited by the prosecutor at the plea hearing. When the court asked Gales if he understood the charge pending against him, he responded, "Yes, sir." Because Gales' plea was voluntary, his right to due process was not violated. Accordingly, this issue is without merit.

## III. Indictment

¶12. Gales claims his indictment was defective. This Court has held that "with only two

exceptions, the entry of a knowing and voluntary guilty plea waives all other defects or insufficiencies in the indictment." *Ramsey v. State*, 290 So. 3d 1281, 1284 (¶6) (Miss. Ct. App. 2020) (quoting *Alford v. State*, 185 So. 3d 429, 431 (¶6) (Miss. Ct. App. 2016)). "The two exceptions are a 'failure to charge an essential element of the crime' and a 'lack of subject matter jurisdiction.'" *Id*.

¶13.    Here, the indictment charged each element of the crime of attempted grand larceny. Under Mississippi Code Annotated section 97-17-41, anyone who "[takes] and [carries] away, feloniously, the personal property of another, of the value of One Thousand Dollars ($1,000.00) or more, but less than Five Thousand Dollars ($5,000.00), shall be guilty of grand larceny . . . ." Additionally, the three elements of the crime of attempt are "(1) an attempt to commit a particular crime, (2) a direct ineffectual act done toward its commission and (3) the failure to consummate its commission." *Spearman v. State*, 58 So. 3d 30, 35 (¶17) (Miss. Ct. App. 2011) (interpreting Mississippi Code Annotated section 97-1-7 (Rev. 2006)).

¶14.    Gales' indictment charging him with attempted grand larceny provided, in relevant part, that Gales

> in Forrest County, Mississippi, on or about January 29, 2016, did willfully, unlawfully, and feloniously design and endeavor to commit the offense of Grand Larceny (more than $1,000.00 but less than $5,000.00), a felony denounced by Section 97-17-41, Mississippi Code of 1972, as amended, in that he did intend to take, steal, and carry away the personal property of William Thomas, to wit: picture, furniture, tables, couches, bedding, kitchen utensils or appliances, televisions and a stereo, and did an overt act toward the commission thereof, to-wit: unlawfully entering the storage unit of the owner

6

and removing some of the above listed items; but he failed therein, in that he was seen by law enforcement agents and stopped, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.

Thus, the indictment charged each element of the crime of attempted grand larceny.

¶15. With respect to subject matter jurisdiction, "[s]ection 156 of the Mississippi Constitution confers original jurisdiction in the circuit courts 'in all matters civil and criminal in this state not vested by this Constitution in some other court, and such appellate jurisdiction as shall be prescribed by law.'" *Cummings v. State*, 827 So. 2d 14, 17 (¶7) (Miss. Ct. App. 2002). Gales' indictment clearly shows that his charged offense occurred in the county of the circuit court in which he pled guilty, thus giving the Forrest County Circuit Court subject matter jurisdiction. *Id*. Any other alleged errors raised by Gales with respect to his indictment are non-jurisdictional and therefore waived. This issue is without merit.

## IV. Ineffective Assistance of Counsel

¶16. Finally, Gales claims that he received ineffective assistance of counsel. "[A] voluntary guilty plea waives claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Bolton v. State*, 243 So. 3d 796, 803 (¶30) (Miss. Ct. App. 2018) (quoting *Worth v. State*, 223 So. 3d 844, 849 (¶17) (Miss. Ct. App. 2017)).

¶17. In order to prove ineffective assistance of counsel, Gales must show (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Herrington v. State*, 102 So. 3d 1241, 1244 (¶10) (Miss. Ct. App. 2012) (quoting *Strickland*

7

*v. Washington*, 466 U.S. 668, 687 (1984)). Further, this Court has held that "the defendant must show unprofessional errors of substantial gravity and allege such facts with specificity and detail." *Black v. State*, 301 So. 3d 806, 814 (¶25) (Miss. Ct. App. 2020) (quoting *Wash v. State*, 218 So. 3d 764, 766-67 (¶6) (Miss. Ct. App. 2017)). "[T]here is a strong rebuttable presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

¶18.    During the plea hearing, the court questioned Gales about whether he had been coerced into pleading.

> COURT:    Has anybody promised you anything in order to get you to plead guilty?
>
> GALES:    No, sir.
>
> COURT:    Has anybody threatened you in order to get you to plead guilty?
>
> GALES:    No, sir.
>
> COURT:    Has anybody told you the [c]ourt would be lighter on you if you pled guilty?
>
> GALES:    No, sir.

The court also questioned Gales about whether he was satisfied with his attorney's representation of him.

> COURT:    Mr. Gales, are you satisfied with the services of your attorney?
>
> GALES:    Yes, sir.
>
> COURT:    Has he promised you anything or threatened you in any manner in order to get you to plead guilty?

| GALES: | No, sir. |
|---|---|
| COURT: | Do you believe your attorney has properly advised you in this plea? |
| GALES: | Yes, sir. |
| COURT: | Do you believe he's properly represented you in this case? |
| GALES: | Yes, sir. |

The record reflects that Gales had not been coerced into pleading guilty and that he was satisfied with his attorney's representation. This Court has held that "[a] defendant's 'declarations during the plea colloquy that he was satisfied with the services of his lawyer are presumptively true.'" *Pierce v. State*, 115 So. 3d 869, 873 (¶12) (Miss. Ct. App. 2013) (quoting *Fair v. State*, 102 So. 3d 1165, 1168-69 (¶11) (Miss. Ct. App. 2012)). Further, "[s]olemn declarations in open court carry a strong presumption of verity." *Id*.

¶19. "When a defendant's assertions of ineffective assistance of counsel are substantially contradicted by the court record of the proceedings, the court may disregard such assertions." *Black*, 301 So. 3d at 815 (¶27) (quoting *Neal v. State*, 186 So. 3d 378, 384 (¶20) (Miss. Ct. App. 2016)). Because Gales offers nothing more than bare assertions that are clearly contradicted by the record, this claim is without merit.

**CONCLUSION**

¶20. After review of the underlying assertions of error, we find that the circuit court did not err in summarily dismissing Gales' PCR motion. Finding no reversible errors, the circuit court's summary dismissal of Gales' PCR motion is affirmed.

9

¶21.   **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**